■ JULIA P. O'CONNOR, Appellant-Respondent, v SAMUEL J. ROTH, Respondent-Appellant. — In an action to recover damages for medical malpractice, plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered May 2, 1983, as, upon defendant's motion, set aside, as excessive, a jury verdict awarding plaintiff $75,000 in damages, and directed a new trial on the issue of damages, and defendant cross-appeals, as limited by his brief, from so much of said judgment as was in favor of plaintiff on the question of liability.

Judgment modified, on the facts and as a matter of discretion, by deleting therefrom the provision setting aside the jury verdict awarding plaintiff $75,000 in damages and directing a new trial on the issue of damages, and jury verdict as to damages reinstated. As so modified, judgment affirmed, with costs to plaintiff, and matter remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment awarding plaintiff the principal sum of $75,000.

We find no merit to the arguments raised by defendant for reversal of so much of the judgment as was in favor of plaintiff on the question of liability.

To warrant interference with the jury's assessment of damages, the excessiveness or inadequacy of the award must be such as to shock the conscience of the court. On the record before us, that test has not been met, and it was thus an improvident exercise of discretion for the trial court to have set aside the jury verdict as to damages (*Petosa v City of New York,* 63 AD2d 1016; *Reich v Mater Serv. Co.,* 39 AD2d 737). There was sufficient evidence to support a finding that plaintiff's ectropion, i.e., the pull-down of her lower eyelids, causing severe tearing and irritation, was aggravated by inappropriate surgical procedures performed by defendant, thus permitting the jury to award damages to plaintiff for the permanent pain and suffering accompanying the ectropion. When this element is added to the pain of undergoing what the jury could have concluded to be four inappropriate operations, the suffering during each postoperative recovery period, and the resultant facial scarring which caused plaintiff great distress, we cannot say that the award of $75,000 was shocking to the conscience. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.