■ MARY TROCCHIA, Respondent, v LONG ISLAND COLLEGE

Hospital, Defendant, and Albert W. Cook, M. D., P. C., Appellant.—In an action to recover damages for medical malpractice, the defendant, Albert W. Cook, M. D. (hereinafter Cook) appeals from an order of the Supreme Court, Kings County (Pizzuto, J.), dated July 18, 1985, which set aside, as inadequate, a jury verdict awarding the plaintiff $400,000 and directed a new trial on the question of damages unless Cook stipulated to increase the verdict to $750,000, less the sum of $50,000 paid by Long Island College Hospital.

Order reversed, on the law and facts, with costs, verdict reinstated, and matter remitted to the Supreme Court, Kings County, for entry of a judgment awarding the plaintiff the principal sum of $400,000 against the appellant, less the sum $50,000 heretofore paid by the defendant Long Island College Hospital.

A jury's assessment of damages should not be disturbed unless the verdict is so excessive of inadequate that it shocks the conscience of the court (see, e.g., Knight 'v Long Is. Coll. Hosp., 106 AD2d 371; O'Connor v Roth, 104 AD2d 933, appeal dismissed 64 NY2d 934). The plaintiff was awarded $250,000 for pain and suffering and $150,000 for nursing expenses. Although the plaintiff became afflicted with quadriparesis after her laminectomy, medical testimony indicated that she had already been afflicted with a progressive neurological disease which could have culminated in her quadriparetic state. Moreover, while the plaintiff was 78 years old at the time of trial with a statistical life expectancy of 10 years, she had a history of emphysema and had had a heart attack. Also the plaintiff admitted that her nurses were paid through Medicare, and she claimed no special damages. In view of the circumstances in this case, we cannot say that the award of $400,000 was inadequate. Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur.