■ PAULINE SCHARE, Respondent, v WELSBACH ELECTRIC

CORPORATION, Appellant.—In a negligence action to recover damages for personal injuries, the defendant Welsbach Electric Corporation (hereinafter Welsbach) appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), entered May 14, 1986, which, upon the plaintiff's motion to set aside as inadequate a jury verdict in the principal sum of $65,000 for pain and suffering, granted the motion and ordered a new trial on the issue of damages only unless Welsbach stipulated to the entry of a judgment in favor of the plaintiff in the principal sum of $125,000.

Ordered that the order is reversed on the facts, with costs, the motion is denied, the verdict is reinstated and the matter is remitted for entry of a judgment in accordance with the jury verdict.

This action arises from an automobile accident where Welsbach's truck struck a wood plank which, in turn, struck the plaintiff, a pedestrian. The plaintiff, a 68-year-old woman, was hospitalized for 12 days and was given a discharge diagnosis of a fractured wrist, fractured foot and "multiple injuries". The only injury disputed at trial was an alleged "herniated disk *[sic]*" which the plaintiff contends was caused by the accident.

The trial court set aside the $65,000 verdict based solely upon the uncontradicted evidence of "carpal tunnel syndrome", a complication of the type of wrist fracture suffered by the plaintiff. The condition was correctable by surgery which the plaintiff declined. Furthermore, evidence was adduced from which the jury could reasonably have concluded that the back condition complained of by the plaintiff was preexisting and/or a natural consequence of the aging process.

It is well settled that the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury *(see, Jandt v Abele,* 116 AD2d 699; *Senko v Fonda,* 53 AD2d 638). On the record before us, the $65,000 awarded by the jury neither is so inadequate as to shock the conscience of this court *(see, e.g., Maze v DiBartolo,* 130 AD2d 720; *Knight v Long Is. Coll. Hosp.,* 106 AD2d 371; *O'Connor v Roth,* 104 AD2d 933, *appeal dismissed* 64 NY2d 934), nor "deviates materially from what would be reasonable compensation" *(cf.,* CPLR 5501 [c]). Therefore, the court improperly exercised its discretion in setting aside the verdict as inadequate. Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.