■ APRIL M. RIVERA, an Infant, by Her Mother and Natural Guardian, SONIA RIVERA, et al., Respondents, v CITY OF NEW YORK et al., Defendants, and JEWISH HOSPITAL AND MEDICAL CENTER OF BROOKLYN, Also Known as INTERFAITH MEDICAL CENTER, Appellant.—In an action to recover damages for medical malpractice, the defendant Jewish Hospital and Medical Center of Brooklyn appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Pizzuto, J.), dated August 26, 1988, as upon denying its motion to set aside as excessive a jury verdict awarding the infant plaintiff $650,000, is in favor of the infant plaintiff and against it in the principal amount of $650,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Where, as here, the action was commenced prior to July 30, 1986 and the trial was commenced prior to August 1, 1988, the jury's assessment of damages should not be disturbed unless the verdict is so excessive or inadequate that it shocks the conscience of the court *(see, Schare v Welsbach Elec. Corp.,* 138 AD2d 477, 478; *Trocchia v Long Is. Coll. Hosp.,* 121 AD2d 626, 627; *McFarland v Makowski,* 112 AD2d 922; *O'Connor v Roth,* 104 AD2d 933, 934). The evidence in this case establishes that because of the appellant's malpractice in causing the infant plaintiff to sustain a second degree burn about 11 days after her premature birth, she is unable to grow toenails. Sensitive areas which would otherwise be covered are thus unprotected, causing her to experience great pain and redness when she wears footwear. In addition, the toes on the infant plaintiff's left foot are permanently mispositioned, her left leg is smaller than her right, her ability to walk has been impeded, and she must undergo at least one future operation.

Under the circumstances of this case, the award of $650,000 as compensation for the infant plaintiff's injuries, including pain and suffering, is not so shockingly excessive as to warrant its vacatur.

Moreover, we find no error in the admission of three photographs of the infant plaintiff's feet, taken by the appellant a few days after the incident, as they were not inflammatory and aided the members of the jury in their assessment of both the medical testimony and the infant plaintiff's pain and suffering *(see, Gallo v Supermarkets Gen. Corp.,* 112 AD2d 345,

349). Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.