■ Bari R. Connolly, Respondent, v Louis T. Pastore, Appellant, et al., Defendants. [610 NYS2d 560] —In an action to recover damages for medical malpractice, etc., the defendant Louis T. Pastore appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered March 23, 1992, as (1) denied his motion to set aside the verdict, and (2) is in favor of the plaintiff and against him in the principal sum of $500,000.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to damages from the

principal sum of $500,000 to the principal sum of $300,000, and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

On November 17, 1983, the appellant examined the plaintiff's decedent and, after determining that he suffered from prostate cancer, arranged for him to undergo radiation therapy. However, the radiation therapy was prematurely terminated because the plaintiff's decedent was experiencing side effects. In commencing this medical malpractice action, the plaintiff alleged that the appellant had deviated from accepted medical procedures when he failed to perform a biopsy and periodic prostatic acid phosphate tests following the premature termination of radiation therapy. At trial, the plaintiff presented an expert who testified that the appellant's omissions constituted a departure from accepted standards of follow-up care, which allowed a period of time to pass when the plaintiff's decedent could have been successfully treated and thereby caused the metastasis which ultimately developed. The appellant countered with an expert witness with an opinion to the contrary.

Contrary to the appellant's contentions, we find that the plaintiff established a prima facie case of medical malpractice *(see, Hughes v New York Hosp.-Cornell Med. Ctr.,* 195 AD2d 442), and, further, that the jury's verdict was amply supported by the evidence adduced at the trial *(see, Nicastro v Park,* 113 AD2d 129, 134). The jury was entitled to accept the opinion of the plaintiff's expert witness and reject the testimony of the appellant's expert.

However, we find that the jury award of $500,000 for pain and suffering deviated materially from what would be reasonable compensation to the extent indicated *(see,* CPLR 5501 [c]). Mangano, P. J., Pizzuto, Friedmann and Goldstein, JJ., concur.