■ JOHN CLANTON, Respondent, v ANTONIO AGOGLITTA et al.,

**Appellants.** [615 NYS2d 68] —In a negligence action to recover damages for personal injuries, the defendants appeal from (1) a judgment of the Supreme Court, Westchester County (Fredman, J.), dated September 25, 1992, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal amount of $495,500 ($16,000 for past medical expenses, $247,000 for impairment of earning ability, $50,000 for past pain and suffering, $7,500 for future medical expenses, $150,000 for future loss of earnings, and $25,000 for future pain and suffering), (2) an order of the same court, entered November 2, 1992, which denied their motion, pursuant to CPLR 4404, to set aside the verdict as excessive, and (3) a resettled judgment of the same court dated November 17, 1992, which is in favor of the plaintiff and against them in the principal sum of $495,500.

Ordered that the appeals from the judgment and the order are dismissed; and it is further,

Ordered that the resettled judgment is modified, on the facts and as an exercise of discretion, by reducing the principal sum awarded to the plaintiff to $248,500, representing $16,000 for past medical expenses, $50,000 for past pain and suffering, $7,500 for future medical expenses, $150,000 for future loss of earnings, and $25,000 for future pain and suffering, and adding thereto a provision severing the plaintiff's cause of action for damages for impairment of earning ability and granting a new trial with respect thereto unless, within twenty (20) days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict as to damages for the impairment of earning ability from the sum of $247,000 to $65,250 and to the entry of an amended resettled judgment in the principal sum of $313,750; in the event that the plaintiff so stipulates, then the resettled judgment, as so reduced and amended, is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the judgment must be dismissed because it was superseded by the resettled judgment. The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the resettled judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the judgment and order are

brought up for review and have been considered on the appeal from the resettled judgment (CPLR 5501 [a] [1]).

Contrary to the defendants' assertions, the plaintiff presented sufficient evidence in order to establish that he had suffered "significant limitation of use of a body function or system" *(see,* Insurance Law § 5102 [d]). The plaintiff's witnesses provided objective medical evidence which measured and quantified the extent and degree of his limitation of motion *(cf., McHaffie v Antieri,* 190 AD2d 780; *Oswald v Ospina,* 187 AD2d 570; *Michaelides v Martone,* 186 AD2d 544). Specifically, plaintiff's medical expert and treating orthopedist testified that the plaintiff suffered from a 48% loss of function in his ability to rotate his trunk from side to side, a 40% loss in his ability to bend, and a 67% loss in his ability to arch or extend his back. Plaintiff's medical expert also testified that the plaintiff while standing upright was only able to bend about 50 degrees while attempting to touch his toes which indicated a 40 to 50% loss of function.

We find, however, that the verdict as to damages for impairment of earning ability "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). The basic rule is that loss of earnings must be established with reasonable certainty, focusing, in part, on the plaintiff's earning capacity both before and after the accident *(see, Johnston v Colvin,* 145 AD2d 846; *see also, Kirschhoffer v Van Dyke,* 173 AD2d 7, 10; *Lamot v Gondek,* 163 AD2d 678, 680). In this case, the plaintiff's earnings prior to the accident, combined with his failure to mitigate damages lead to the conclusion that the jury's award for impairment of earning ability deviates materially from what would be reasonable compensation and should be reduced to the extent indicated.

We have considered the defendants' remaining contention and find that it is without merit. Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.