■ KATHYRINE GAETAN, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and WHEELS, INC., et al., Appellants. [624 NYS2d 48] —In an action to recover damages for personal injuries, the defendants Wheels, Inc., and Garry J. Willard appeal from a judgment of the Supreme Court, Kings County (Vinik, J.), dated April 30, 1993, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $250,000 ($175,000 for past pain and suffering and $75,000 for future pain and suffering).

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict with regard to damages for past pain and suffering from the sum of $175,000 to the sum of $100,000 and with regard to damages for future pain and suffering from the sum of $75,000 to the sum of $50,000 and to the entry of an amended judgment in the principal sum of $150,000. In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, with costs to the appellants.

"It is well settled that the amount of damages to be awarded for personal injuries is primarily a question of fact

for the jury" *(Schare v Welsbach Elec. Corp.,* 138 AD2d 477, 478). Only when the award deviates materially from what would be reasonable compensation can a new trial be granted (CPLR 5501 [c]). We find that the jury verdict in this case deviates materially from what would be reasonable compensation to the extent indicated.

The appellants' remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Ritter, Santucci and Friedmann, JJ., concur.