■ MARIA COLEZETTI, Respondent, v FLOYD PIRCIO, JR., Appellant, et al., Defendant. [625 NYS2d 726] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Rosato, J.), entered June 8, 1993 in Westchester County, upon a verdict rendered in favor of plaintiff.

At the conclusion of the liability portion of this bifurcated trial, the jury found that both defendants negligently caused the automobile accident in which plaintiff was injured. Following the damages portion of the trial, the jury awarded plaintiff a total of $136,000, including $66,000 for damages suffered from the time of the accident to the date of the verdict ($30,000 for pain and suffering, $6,000 for mental suffering and $30,000 for loss of earning ability), and $70,000 for future damages ($30,000 for pain and suffering and $40,000 for loss of earning ability). Defendant Floyd Pircio, Jr. (hereinafter defendant), who had been found to bear 51% of the fault for the accident, appeals, contesting the propriety of the damage award only.*

Defendant maintains that the damage verdict must be overturned in its entirety, due to Supreme Court's refusal to give a "missing witness charge" with respect to several physicians who could have been expected to testify in plaintiff's favor but were not called, and alternatively, that the awards relating to mental suffering and loss of earning ability must be eliminated as duplicative or because they are not supported by the evidence. Plaintiff concedes that no separate award should have been made for "mental suffering", which is subsumed within the broader category of pain and suffering *(see, Lamot v Gondek,* 163 AD2d 678, 679), and consents to a reduction of the verdict by $6,000, but opposes the remainder of the relief sought.

We are not persuaded that a "missing witness" charge was warranted with respect to plaintiff's former chiropractor, the general practitioner she visited once after the accident, or the doctors to whom plaintiff had been referred, for consultation, by Michael Weintraub, her primary treating physician. Weintraub testified with regard to the reports he received from the consulting specialists, and there was no indication that any of these physicians, many of whom saw plaintiff on only one or two occasions, would have been able to add anything material and noncumulative to Weintraub's testimony *(see, Diorio v Scala,* 183 AD2d 1065, 1067; *compare, Wilson v Bodian,* 130 AD2d 221, 234).

As for Allen Jaffe, the general practitioner who referred plaintiff to Weintraub, nothing in the record suggests that he could have added anything of substance to Weintraub's testi-

---

* The other defendant who had been driving the car in which plaintiff was a passenger, and who was found to bear the remaining 49% of the liability, settled with plaintiff prior to the damage portion of the trial.

mony. Similarly, there is little reason to believe that Howard Spieler, a chiropractor who plaintiff had stopped seeing over a year prior to the trial, could have been expected to expand upon the testimony of plaintiff's current chiropractor, Richard Geoghean, who testified as to plaintiff's neck and back injuries. Moreover, plaintiff's explanation of the circumstances surrounding her decision to discontinue treating with Spieler and instead see Geoghean established that Spieler could no longer be considered to be under her "control" (see, Diorio v Scala, supra, at 1067; cf., Dukes v Rotem, 191 AD2d 35, 40, appeal dismissed 82 NY2d 886; Chandler v Flynn, 111 AD2d 300, 302, appeal dismissed 67 NY2d 647).

There is force, however, in defendant's assertion that given plaintiff's wholesale failure to produce any specific proof of her actual earnings, either before or after the accident, the jury's award for loss of earning ability cannot stand. Although plaintiff did testify that she had a Ph.D. in Clinical Psychology, and had been self-employed prior to the accident in the marketing field, and described the nature of her work in general terms, the record is devoid of any evidence of her earnings, gross or net, from that work. Nor do plaintiff's general assertions that her injuries caused her to miss time from work, prevented her from completing jobs in a timely manner and resulted in her losing some jobs, without more, constitute sufficient basis from which the jury could determine that her earning ability had been lessened, let alone quantify that loss with reasonable certainty (see, Clanton v Agoglitta, 206 AD2d 497, 499; Burdick v Bratt, 203 AD2d 950, lv denied 84 NY2d 801; Collins v McGinley, 158 AD2d 151, 154, appeal dismissed 77 NY2d 902; Kaylor v Amerada Hess Corp., 141 AD2d 331, 331-332, lv denied 73 NY2d 704). The verdict should be reduced accordingly.

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reducing the principal sum awarded to plaintiff to $60,000, representing $30,000 for pain and suffering to the date of the verdict and an additional $30,000 for future pain and suffering, and, as so modified, affirmed.