■ TONI A. BURGOS, Respondent, v LOVELL REALTY, INC., Appellant. [645 NYS2d 871] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Rosato, J.), entered July 7, 1995, which granted the plaintiff's motion to set aside a jury verdict on the issue of damages rendered May 15, 1995, to the extent of directing a new trial on damages unless the defendant stipulated to increase the verdict on damages for past pain and suffering from $16,000 to $50,000, and damages for future pain and suffering from $18,000 to $200,000, and (2) an interlocutory order and judgment (one paper) of the same court, dated July 20, 1995, which, upon a jury verdict on the issue of liability rendered May 3, 1995, finding the defendant 100% at fault in the happening of the accident, is in favor of the plaintiffs and against it on the issue of liability.

Ordered that the order is reversed, on the law, the plaintiff's motion to set aside the jury verdict on damages is denied, the jury verdict on damages is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment; and it is further,

Ordered that the interlocutory order and judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

On the morning of January 10, 1990, the plaintiff fell on a pipe which was protruding from the floor of the defendant's premises. As a result of her fall, the plaintiff sustained injuries to her spine at the L4-L5 and L5-S1 levels. During the damages phase of a bifurcated trial, the plaintiff called her treating physician, who attributed the plaintiff's back injuries solely to her accident, and recommended surgery to alleviate her condition. In contrast, the defendant's expert witness testified that the plaintiff's injuries were consistent with a preexisting degenerative condition, and that future surgery would not be beneficial. At the conclusion of the damages trial, the jury awarded the plaintiff a total of $109,800 for her back injuries, including an award of $16,000 for past pain and suffering, and $18,000 for future pain and suffering. The plaintiff then moved to set aside the damages verdict upon the ground of inadequacy. The trial court granted the motion to the extent of directing a new trial on damages unless the defendant stipulated to increase damages for past pain and suffering to $50,000, and damages for future pain and suffering to $200,000.

On appeal, the defendant contends that the trial court erred in granting the plaintiff's motion to set aside the damages verdict in view of the conflicting evidence regarding the etiology of the plaintiff's injury, the necessity for future surgery, and the anticipated impact on the plaintiff's future quality of life. We agree. Although the trial court had the power, on the motion of the parties or on its own motion, to review the question of whether the jury's verdict on the issue of damages was against the weight of the evidence (see, CPLR 4404 [a]), the jury was entitled to accept the opinion of the defendant's expert and reject the testimony of the plaintiff's expert (see, Benloss v Roal Drug Corp., 215 AD2d 423; Connolly v Pastore, 203 AD2d 412). Under these circumstances, we agree with the defendant's contention that the jury verdict with respect to damages for past and future pain and suffering did not deviate materially from what would be reasonable compensation, and that a new trial is not required (see, Ashton v Bobruitsky, 214 AD2d 630).

In light of our determination and the representations of the defendants in their brief and on oral argument, we do not reach the defendant's alternative argument concerning the propriety of the liability verdict. Thompson, J. P., Copertino, Krausman and Florio, JJ., concur.