■ DANUTA POTURNIAK, Respondent, v MATE RUPCIC, Appellant. [648 NYS2d 668] —In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Vinik, J.), entered November 29, 1995, as, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $122,200 (including $68,200 for past lost earnings, reduced by $36,000 no-fault benefits to $32,200, and $90,000 for past pain and suffering) as reduced by the court to $111,202 (representing 91% of the verdict—the defendant's share of the fault).

Ordered that the judgment is modified, on the facts and as an exercise of discretion, (1) by deleting the provision thereof awarding damages for past lost earnings and substituting therefor a provision dismissing the demand for such relief, and (2) by deleting the provision thereof awarding the plaintiff $90,000 for past pain and suffering, and substituting therefor a provision that a new trial is granted on the issue of damages for past pain and suffering only unless, within 20 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff serves and files in the Office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict with respect to damages for past pain and suffering from the sum of $90,000 to the sum of $50,000 (less 9% representing her share of the fault) and to the entry of an appropriate modified, reduced, and amended judgment accordingly; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant; in the event that the plaintiff so stipulates, then the judgment, as so modified, is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly denied his request for a missing witness charge with respect to a certain doctor who had examined the plaintiff, as any testimony that doctor would have given would merely have been cumulative (*see, Colezetti v Pircio,* 214 AD2d 926; *Butts v Braun,* 204 AD2d 1069).

We also reject the defendant's claim that the trial court improperly precluded him from offering the testimony of two other doctors who had also examined the plaintiff, but who had not been previously identified as expert witnesses. Initially, the trial court refused to permit the testimony because the plaintiff was deprived of an adequate opportunity to prepare for their cross examinations. Prior to summations, the court indicated that it had reconsidered its ruling, but the defendant did not then renew his request to call these witnesses. His claim on appeal that the court's initial ruling was improper is therefore unpreserved for appellate review (*see,* CPLR 5501 [a]). In any event, we conclude that the court's initial ruling was not an improvident exercise of discretion (*see, Stern v Calzado,* 163 AD2d 299).

We find nevertheless that the judgment must be modified to the extent indicated. The plaintiff has the burden of establishing loss of actual past earnings with reasonable certainty by submitting tax returns or other relevant documentation (*see, Bunge v New York City Tr. Auth.,* 216 AD2d 264; *Papa v City of New York,* 194 AD2d 527, 531), and she failed to substantiate her claim that she earned $450 a week from two jobs in the months preceding her accident (*see, e.g., Papa v City of New York, supra*). Rather, the plaintiff's tax returns indicated that she earned no more than $12,000 a year in any of the three years preceding the accident. In view of the jury's determination that the plaintiff was entitled to compensation for lost earnings for three years, the amount of reasonable compensation for past lost earnings would be no more than $36,000. As there was apparently no dispute that any award for past lost earnings must be reduced by no-fault benefits in the same amount the net award for past lost earnings is zero. Accordingly, the judgment is amended to vacate the award for past lost earnings and to dismiss that claim.

It is well settled that the amount of damages to be awarded for personal injuries is primarily a question for the jury (*see, Schare v Welsbach Elec. Corp.,* 138 AD2d 477, 478). This award, however, may be set aside if it deviates materially from what would be reasonable compensation (CPLR 5501 [c]; *see, Gaetan v New York City Tr. Auth.,* 213 AD2d 510). We conclude that on this record the award of $90,000 for past pain and suffering is excessive to the extent indicated (*see, e.g., Fenocchi v City of Syracuse,* 216 AD2d 864; *Clanton v Agoglitta,* 206 AD2d 497; *Hulsen v Morrison,* 206 AD2d 459). O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.