■ Jamie Ventriglio et al., Respondents, v Active Airport Service, Inc., et al., Appellants. [651 NYS2d 261] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Feinberg, J.), dated September 1, 1994, as granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the ground that the damages awarded to the plaintiffs were inadequate and ordered a new trial on damages.

peal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Feinberg, J.), dated March 22, 1996, as, upon an order of the same court, dated September 1, 1994, granting the plaintiffs' motion to set aside the jury verdict on the ground that the damages awarded to the plaintiffs were inadequate, and upon granting the plaintiffs' motion to reinstate the verdict as to the damages awarded to Thomas Ventriglio, denied that branch of their cross motion which was to reinstate the jury verdict as to the damages awarded to Jamie Ventriglio.

Ordered that the order dated March 22, 1996, is reversed insofar as appealed from, with costs to the defendants, that branch of the defendants' cross motion which was to reinstate the jury verdict as to the damages awarded to Jamie Ventriglio is granted, so much of the order dated September 1, 1994, as granted that branch of the plaintiffs' motion which was to set aside the jury verdict as to the damages awarded to Jamie Ventriglio is vacated, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment in accordance herewith.

The plaintiffs were involved in an automobile accident with the defendant employee of the defendant company. During the damages phase of a bifurcated trial, the plaintiffs' expert testified that the plaintiff Jamie Ventriglio's injury, which he concluded was a recurrent disk and a bulging disk, was permanent and was the result of the automobile accident. In contrast, the defendants' experts testified that the accident had aggravated Jamie Ventriglio's previous back injury, that she had suffered from a cervical and lumbosacral spine sprain, and that she was able to perform her duties as a clerical worker. At the conclusion of the damages trial, the jury awarded Jamie Ventriglio a total of $60,000; $10,000 for past pain and suffering and $50,000 for lost earnings. The jury did not award damages for her future pain and suffering or for her future diminution of earnings. In an order dated September 1, 1994, the court granted the plaintiffs' motion to set aside the verdict and ordered a new trial on damages. Thereafter, the plaintiffs moved to reinstate the verdict as to the damages awarded to Thomas Ventriglio and the defendants cross-moved, *inter alia,* to reinstate the verdict as to the damages awarded to Jamie Ventriglio. The court granted the plaintiffs' motion and denied that branch of the defendants' cross motion which was to reinstate the verdict as to the damages awarded to Jamie Ventriglio.

On appeal, the defendants contend that the court erred in

setting aside the jury's verdict as to the damages awarded to Jamie Ventriglio in view of the conflicting evidence regarding the severity and permanence of her injury and the anticipated impact on her future quality of life. We agree.

Although the court had the authority, on motion of the parties or on its own motion, to review the question of whether the jury's verdict on the issue of damages was against the weight of the evidence (*see,* CPLR 4404 [a]), the jury was entitled to accept the opinion of the defendants' experts and reject the testimony of the plaintiffs' expert (*see, Benloss v Roal Drug Corp.,* 215 AD2d 423; *Connolly v Pastore,* 203 AD2d 412). Under these circumstances, the jury verdict did not deviate materially from what would be reasonable compensation, and hence, a new trial is not required (*see, Ashton v Bobruitsky,* 214 AD2d 630). Bracken, J. P., Pizzuto, Santucci and Florio, JJ., concur.