■ ALAN COOKE, Appellant, v MICHAEL W. MELTZER et al., Respondents. [653 NYS2d 855] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), entered January 17, 1996, which granted the defendants' motion pursuant to CPLR 4404 to set aside, as contrary to the weight of the evidence, a jury verdict on the issue of damages awarding him the principal sum of $275,000 ($100,000 for past pain and suffering and $175,000 for future pain and suffering for a period of 10 years).

Ordered that the order is modified, on the law, by adding thereto a provision granting a new trial on the issue of damages, unless within 30 days after the service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from $100,000 to $50,000 and for future pain and suffering from $175,000 to $100,000. In the event the plaintiff so stipulates, then the order is modified by deleting the provision setting aside the verdict and substituting therefor a provision reducing the verdict as herein indicated; as so modified, the order is affirmed, without costs or disbursements.

It has long been held that the trial court is vested with the discretion to set aside verdicts it finds inadequate or excessive or against the weight of the evidence and to grant a new trial as to damages (see, O'Connor v Papertsian, 309 NY 465; Tate v Colabello, 58 NY2d 84, 86; see also, Abudayeh v Fair Plan Ins. Co., 105 AD2d 764; CPLR 4404 [a]). Here, however, the trial court failed to include a provision granting a new trial as to damages.

The damages award deviates materially from what would be material compensation to the extent indicated (see, e.g., Brown v Stark, 205 AD2d 725; Burgos v Lovell Realty, 229 AD2d 558). Miller, J. P., Santucci, Joy and Krausman, JJ., concur.