■ KATHLEEN WALSH et al., Respondents, v KINGS PLAZA REPLACEMENT SERVICE, INC., et al., Defendants, and RICHARD J. LYONS et al., Appellants. [658 NYS2d 345] —In an action to recover damages for personal injuries, etc., the defendants Richard J. Lyons and Anco Air Conditioning, Inc., appeal from (1) a judgment of the Supreme Court, Kings County (Yoswein, J.), dated December 21, 1995, and (2) so much of an amended judgment of the same court, entered January 24, 1996, as, upon, *inter alia,* the granting of the plaintiffs' motion for judgment as a matter of law on the issue of liability against Anco Air Conditioning, Inc., and a jury verdict in favor of the plaintiff Kathleen Walsh and against Anco Air Conditioning, Inc., in the principal sum of $100,000 for past pain and suffering and $300,000 for future pain and suffering, and in favor of the plaintiff Sean Walsh and against Anco Air Conditioning, Inc., in the principal sum of $50,000, is in favor of the plaintiffs and against Anco Air Conditioning, Inc.

Ordered that the appeals by Richard J. Lyons are dismissed, as he is not aggrieved by the judgment or the amended judgment; and it is further,

Ordered that the appeal by Anco Air Conditioning, Inc., from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is reversed insofar as appealed from by Anco Air Conditioning, Inc., on the facts, and as an exercise of discretion, and a new trial is granted on the issue of damages only unless, within 20 days after service upon the plaintiffs Kathleen Walsh and Sean Walsh of a copy of this decision and order with notice of entry, the plaintiffs Kathleen Walsh and Sean Walsh serve and file in the Office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to Kathleen Walsh from

the principal sum of $400,000 to the principal sum of $100,000, representing $40,000 for past pain and suffering and $60,000 for future pain and suffering, and to decrease the verdict as to Sean Walsh from the principal sum of $50,000 to the principal sum of $20,000, respectively, and to the entry of an appropriate amended judgment; in the event that the plaintiffs Kathleen Walsh and Sean Walsh so stipulate, then the amended judgment, as so decreased and amended, is affirmed insofar as appealed from, with costs to the defendant Anco Air Conditioning, Inc., payable by the plaintiffs Kathleen Walsh and Sean Walsh, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.

Contrary to the contention of the defendant Anco Air Conditioning, Inc. (hereinafter Anco), the plaintiffs' medical experts sufficiently established that the plaintiffs Kathleen Walsh and Sean Walsh each suffered serious injuries within the meaning of Insurance Law § 5102 (d). The car accident caused Kathleen Walsh to suffer a herniated disc at the L5-S1 level and aggravated her previous injury at the L4-L5 level. The accident caused the S-1 radiculopathy of Sean Walsh, which caused him pain and significantly restricted his movements for over 180 days after the accident *(see, Washington v Mercy Home for Children,* 232 AD2d 549; *cf., Andre v Seem,* 234 AD2d 325).

While the amount of damages to be awarded for personal injuries is primarily a question for the jury *(see, Schare v Welsbach Elec. Corp.,* 138 AD2d 477, 478), the award may be set aside when it deviates materially from what would be reasonable compensation *(see,* CPLR 5502 [c]; *Ramos v Ramos,* 234 AD2d 439; *Gaetan v New York City Tr. Auth.,* 213 AD2d 510). Considering the nature and extent of the injuries sustained by Kathleen Walsh, the permanence and extent of the pain caused by those injuries, and the loss, if any, of enjoyment of life *(see, Nussbaum v Gibstein,* 73 NY2d 912), the $400,000 award for Kathleen Walsh's herniated disc at the L5-S1 level and aggravation of her previous spinal injury at the L4-L5 level is excessive to the extent indicated *(cf., Burgos v Lovell Realty,* 229 AD2d 558; *see generally, Poturniak v Rupcic,* 232 AD2d 541; *Colezetti v Pircio,* 214 AD2d 926; *Clanton v Agoglitta,* 206 AD2d 497; *Hulsen v Morrison,* 206 AD2d 459). Moreover, the $50,000 award for the nonpermanent S-1 radiculopathy suffered by Sean Walsh is excessive to the extent indicated *(see generally, Ventriglio v Active Airport Serv.,* 234 AD2d 451; *Colezetti v Pircio, supra; Clanton v Agoglitta, supra).*

Anco's remaining contention is without merit. Miller, J. P., Sullivan, Santucci and Joy, JJ., concur.