■ CAROL AVERY, Respondent, et al., Plaintiff, v HAROLD WILLIAMS et al., Respondents, and F & R CHECK CASHING CORP. et al., Appellants. [700 NYS2d 715] —In an action to recover damages for personal injuries, etc., the defendants F & R Check Cashing Corp. and Israel Diaz appeal from a judgment of the

Supreme Court, Kings County (Schneier, J.), entered March 3, 1999, which, upon a jury verdict on the issue of liability finding them 100% at fault in the happening of the accident, and a jury verdict on the issue of damages finding that the plaintiff Carol Avery had sustained damages of $1,500,000 for past pain and suffering, $80,000 for past lost earnings, $1,000,000 for future pain and suffering, and $75,000 for future loss of earnings, minus a collateral offset in the sum of $50,000, is in favor of the plaintiff Carol Avery and against them in the principal sum of $2,605,000.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof awarding the plaintiff Carol Avery damages in the sum of $1,500,000 for past pain and suffering and $1,000,000 for future pain and suffering, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs payable to the appellants by the plaintiff Carol Avery, unless within 30 days after service upon the plaintiff Carol Avery of a copy of this decision and order with notice of entry, she shall serve and file in the office of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to past pain and suffering from the sum of $1,500,000 to the sum of $450,000, and as to future pain and suffering from the sum of $1,000,000 to the sum of $300,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff Carol Avery so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The verdict on the issue of liability was not against the weight of the evidence (*see, e.g., Nicastro v Park,* 113 AD2d 129).

The award of damages to the plaintiff Carol Avery for past and future pain and suffering, however, was excessive to the extent indicated herein in that it deviated materially from what would be reasonable compensation (*see, Chase v City of New York,* 233 AD2d 474; *Gaetan v New York City Tr. Auth.,* 213 AD2d 510).

The appellants' remaining contention does not require reversal. Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.