■ ANTHONY PELLEGRINO, Respondent, et al., Plaintiff, v ALESSANDRO FELICI et al., Defendants, and ALPHONSE PHANEUF et al., Appellants. [702 NYS2d 866] —In an action to recover damages for personal injuries, etc., the defendants Alphonse Phaneuf and Mary Phaneuf appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Jones, J.), entered January 11, 1999, as, upon a jury verdict finding them 60% at fault and the defendants Alessandro Felici and Carlo Felici 40% at fault, is in favor of the plaintiff Anthony Pellegrino and against them in the principal sum of $450,000 ($250,000 for past pain and suffering and $200,000 for future pain and suffering).

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages for future pain and suffering only, unless within 30 days after the service upon the plaintiff Anthony Pellegrino of a copy of this decision and order, with notice of entry, the plaintiff Anthony Pellegrino shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consent-

ing to reduce the verdict as to damages for future pain and suffering from $200,000 to $50,000, and the principal sum of the award from $450,000 to $300,000, and to the entry of an amended judgment against the appellants in the principal sum of $300,000. In the event the plaintiff Anthony Pellegrino so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

While the amount of damages to be awarded for personal injuries is primarily a question for the jury (see, Walsh v Kings Plaza Replacement Serv., 239 AD2d 408, 409; Schare v Welsbach Elec. Corp., 138 AD2d 477, 478), an award may be set aside when it deviates materially from what would be reasonable compensation (see, CPLR 5501 [c]; Walsh v Kings Plaza Replacement Serv., supra). Considering the nature and the extent of the injuries sustained by plaintiff, the award of damages for future pain and suffering deviates materially from what would be reasonable compensation to the extent indicated (see, Cooke v Meltzer, 235 AD2d 517; Brown v Stark, 205 AD2d 725).

The appellants' remaining contention is without merit. Sullivan, J. P., Luciano, H. Miller and Feuerstein, JJ., concur.