■ PASQUALE PASQUERELLA, Respondent, v MICHAEL PISANI et al., Appellants. [702 NYS2d 922] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Richmond County (Mastro, J.), entered December 16, 1998, which, upon the granting of the plaintiff's motion for judgment as a matter of law on the issue of liability, and upon a jury verdict on the issue of damages, is in favor of the plaintiff and against them in the principal sum of $75,000.

Ordered that the judgment is affirmed, with costs.

The trial court properly granted the plaintiff's motion for judgment as a matter of law on the issue of liability. The plaintiff's testimony was the sole evidence on the issue of liability. The plaintiff testified that the vehicle he was operating collided with the vehicle operated by the defendant Michael Pisani when, while the plaintiff was making a left turn, Pisani attempted to pass him on the left, entering the oncoming lane of traffic. When viewing that evidence in the light most favorable to the defendants, the nonmoving parties, there is no rational process by which the trier of fact could have found for them (*see, Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366).

Contrary to the defendants' contention, the award of dam-

ages does not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Walsh v Kings Plaza Replacement Serv.,* 239 AD2d 408; *Gaetan v New York City Tr. Auth.,* 213 AD2d 510). O'Brien, J. P., Krausman, Florio and McGinity, JJ., concur.