*166 OPINION OF THE COURT
Kevin J. Kerrigan, J.
Plaintiffs’ posttrial motion to set aside the jury verdict against them on their claim and in favor of defendant on his counterclaim for libel is disposed of as follows:
This action stems from a long-standing attorney-client relationship that had soured. Plaintiffs, husband and wife, commenced this action against defendant, their former attorney, seeking the recovery of $10,000, which they claimed defendant appropriated, without their consent, at the 1992 closing of their purchase in foreclosure of a mansion in Upper Brookville, New York, for $2.5 million. Defendant asserted that the money was his legal fee, which was orally agreed to a few days before the closing. According to defendant, the $10,000 was his entire fee for a transaction that would have resulted in a $30,000 legal fee if defendant billed them on an hourly basis for services performed. The amount was generated by the broker reducing his commission from $100,000 to $90,000, a reduction which defendant claimed he negotiated.
Sometime after the 1992 closing, defendant represented plaintiffs in a lawsuit which, according to them, resulted in a judgment of $40,000 against them. In 1995, defendant sued plaintiffs in Nassau County for unpaid legal fees. This matter was settled for the sum of $12,000, pursuant to a stipulation of settlement so ordered on May 23, 1998. Plaintiffs eventually paid the entire settlement amount to defendant.
On June 2, 1998, Afshari faxed a letter to a Mr. Doud, an attorney who shared office space with defendant and who, on behalf of his law firm, represented defendant in the Nassau County action. Parts of the letter accused defendant of (referring to the $10,000 legal fee, without specifically mentioning it) “embezzlement of escrow money” and committing “illegal acts.” Based upon this letter, as well as two other letters about defendant sent by Afshari to the Grievance Committee for the Tenth Judicial District, defendant counterclaimed for libel.
Michael Afshari is an obstetrician/gynecologist who represented himself and his wife at trial in a pro se capacity, despite the urging of this court, off the record, before the trial began, to either hire counsel or to consent to waive the jury. After some contemplation, Afshari chose to represent himself and his wife before a jury against the advice of the court.
The jury, after five days of trial, dismissed plaintiffs’ claim, but awarded defendant the sum of $45,000 on his libel *167 counterclaim in the following amounts: $25,000 in compensatory damages and $20,000 in punitive damages. During trial, the court, sua sponte, dismissed the portion of the libel claim based upon the Grievance Committee letters, since the court found that an absolute privilege attached to those letters and, therefore, the contents of those letters were not actionable in terms of libel. Only the letter to Doud was admitted into evidence, and the jury made its award based upon defamatory statements in that letter.
Plaintiffs now move to set aside the verdict and for a new trial. In terms of the libel award, the principal argument advanced is that a qualified privilege attached to the contents of the Doud letter and, therefore, the letter should not have been admitted into evidence. At the outset, the court notes that plaintiffs made the motion pro se, then hired appellate counsel, who submitted a reply affirmation which improperly raised new arguments. Accordingly, notwithstanding that there is no provision in the CPLR for the submission of a surreply, the court permitted a surreply to be submitted, with the consent of both sides, to address the newly advanced arguments.
The qualified privilege is based upon an alleged common interest between the publisher (Afshari) and the recipient of the letter (Doud, the attorney who represented defendant in the settled action). The alleged common interest advanced is the settlement of a legal dispute between Afshari and defendant without court intervention, and Doud’s apparent interest in same. The privilege was neither pleaded as an affirmative defense, nor formally raised at trial by Afshari. Notwithstanding, the court will now address this issue.
Courts have recognized a common interest qualified privilege where the communication is “ ‘made by a person in the discharge of some public or private duty, legal or moral, or in the conduct of his own affairs, in a matter where his interest is concerned’ ” (see, Toker v Pollak, 44 NY2d 211, 219, quoting Lovell Co. v Houghton, 116 NY 520, 526). The interest championed by the communicant must be expressed in a “ ‘reasonable manner and for a proper purpose’ ” (Toker v Poliak, supra, at 219). The common interest privilege has been applied, for example, to employees of an organization (see, Loughry v Lincoln First Bank, 67 NY2d 369), members of a faculty tenure committee (Stukuls v State of New York, 42 NY2d 272), constituent physicians of a health insurance plan (Shapiro v Health Ins. Plan, 7 NY2d 56), board members of a *168 tenants’ association to other members (Liberman v Gelstein, 80 NY2d 429), and an executive officer of a charitable organization to members of a local chapter regarding removal of the president (Pontarelli v Shapero, 231 AD2d 407). Application of the privilege in these instances fosters the free exchange of information among persons sharing a common interest, which should not be impeded (see, Liberman v Gelstein, supra, at 437).
In this case, the letter that formed the basis of the libel was dated and faxed to Doud on June 2, 1998, nearly six years after the Upper Brookville closing in which defendant took the $10,000 as his legal fee for services rendered. The letter was faxed 11 days after the stipulation of settlement concluded the only litigation between the parties at that time. This action had not been commenced. Thus, the facts indicate that defendant shared no common interest with Afshari in “resolving” the $10,000 fee “dispute” with a disgruntled former client, since defendant believed that, six years earlier, plaintiffs had orally agreed to defendant’s legal fee, and the Nassau County litigation had just been settled without this issue having been raised by plaintiffs, in the form of a counterclaim or otherwise. Clearly, defendant had no corresponding interest or duty to resolve the $10,000 fee issue, which was a nonissue as far as he was concerned.
Furthermore, the fact that the letter was written to defendant’s attorney does not automatically invoke a qualified privilege. There was no pending legal proceeding between the parties on the date of the letter. Additionally, neither defendant nor Doud had an interest or duty in discussing this matter with Afshari, for the reason stated above.
Accordingly, on this record, it is the court’s view that a common interest qualified privilege did not attach to the letter, that the letter was properly admitted into evidence, and that the jury could rationally conclude, on the basis of the evidence presented, that certain language in the letter was libelous. The standard in determining whether a jury verdict should be set aside, and a new trial ordered, is whether there is a preponderance of evidence in favor of the movant such that the verdict could not have been reached on any fair interpretation of the evidence (see, Lolik v Big V Supermarkets, 86 NY2d 744; Moffatt v Moffatt, 86 AD2d 864, affd 62 NY2d 875). A fair interpretation of the evidence supports the jury’s finding that the letter was libelous, that defendant was discredited in the conduct of his profession, and that he suffered damages as a result. Since *169 a qualified privilege does not apply, the court need not reach the issue of whether Afshari could have abused the privilege upon a showing of malice.
Contrary to plaintiffs’ argument, an absolute privilege is also inapplicable. The letter did not refer to settlement negotiations in the context of a pending judicial proceeding. Out-of-court communications between attorneys that relate to pending or contemplated litigation will be protected, as long as they are made in connection with a judicial proceeding (see, Caplan v Winslett, 218 AD2d 148). Discussion between attorneys representing opposing parties may conserve judicial resources by limiting issues and potentially resolving the litigation (see, Caplan v Winslett, supra, at 153).
In our case, although the letter was faxed while Afshari contemplated new litigation, plaintiffs acknowledge that there is no New York case law which has afforded an absolute privilege to a potentially libelous communication made by a nonattomey, who is contemplating litigation, to an attorney who is a potential defendant. This court will not recognize an absolute privilege here, since Afshari, as a layperson, is not bound by the ethical considerations that an attorney must uphold in advocating on a client’s behalf, especially in light of the fact that no judicial proceeding was pending.
In terms of the charge to the jury, the court believes that the charge was fair, accurate and balanced, and that no error was made in it. As to the jury verdict, CPLR 5501 (c) permits the court to set aside an award that it determines to be excessive or inadequate if it deviates materially from what would be reasonable compensation (see, Walsh v Kings Plaza Replacement Serv., 239 AD2d 408). In the court’s view, there was ample evidence in the record upon which the jury based its award of both compensatory and punitive damages, and the court will not disturb the award.
As for plaintiffs’ claim, which the jury dismissed, plaintiffs have failed to offer any arguments in support of setting aside the verdict. Therefore, the court will not reach this issue.
The sur-surreply affirmation, submitted without permission of the court, and in contravention of the stipulation between counsel dated August 8, 2000, has not been considered.
Accordingly, for the foregoing reasons, plaintiffs’ motion to set aside the jury verdict is denied in all respects.