■ ANTHONY PELLEGRINO, Respondent, et al., Plaintiff, v ALESSANDRO FELICI et al., Defendants, and ALPHONSE PHANEUF et al., Appellants. [717 NYS2d 251] —Motion by the appellants, *inter alia,* to amend a decision and order of this Court dated February 7, 2000, in the above-entitled action, which determined an appeal from a judgment of the Supreme Court, Kings County, entered January 11, 1999.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted to the extent that the decision and order dated February 7, 2000 (269 AD2d 374) is recalled and vacated, and the following is substituted therefor:

In an action to recover damages for personal injuries, etc., the defendants Alphonse Phaneuf and Mary Phaneuf appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Jones, J.), entered January 11, 1999, as, upon a jury verdict finding them 60% at fault and the defendants Alessandro Felici and Carlo Felici 40% at fault, is in favor of the plaintiff Anthony Pellegrino and against them in the principal sum of $450,000 ($250,000 for past pain and suffering and $200,000 for future pain and suffering).

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages for future pain and suffering only, unless within 30 days after the service upon the plaintiff Anthony Pellegrino of a copy of this decision and order, with notice of entry, the plaintiff Anthony Pellegrino shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from $200,000 to $50,000, and the principal sum of the award from $450,000 to $300,000, and to the entry of an amended judgment against the defendants in the principal sum of $300,000. In the event the plaintiff Anthony Pellegrino so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

While the amount of damages to be awarded for personal injuries is primarily a question for the jury (see, Walsh v Kings Plaza Replacement Serv., 239 AD2d 408, 409; Schare v Welsbach Elec. Corp., 138 AD2d 477, 478), an award may be set aside when it deviates materially from what would be reasonable compensation (see, CPLR 5501 [c]; Walsh v Kings Plaza Replacement Serv., supra). Considering the nature and the extent of the injuries sustained by plaintiff, the award of damages for future pain and suffering deviates materially from what would be reasonable compensation to the extent indicated (see, Cooke v Meltzer, 235 AD2d 517; Brown v Stark, 205 AD2d 725).

The appellants' remaining contention is without merit. Sullivan, J. P., Luciano, H. Miller and Feuerstein, JJ., concur.