■ LUCY YONDT et al., Respondents-Appellants, v BOULE-VARD MALL Co. et al., Appellants-Respondents. (Appeal No. 2.) [762 NYS2d 734] —Appeal and cross appeal from an order of Supreme Court, Erie County (Joslin, J.), entered November 21, 2001, which, inter alia, granted that part of plaintiffs' motion brought pursuant to CPLR 4404 (a) seeking to set aside the verdict insofar as it apportioned liability and directed defendants to pay the entire award of damages of $10,000.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying plaintiffs' motion in its entirety and as modified the order is affirmed without costs.

Memorandum: In this personal injury action, defendants appeal, and plaintiffs cross-appeal, from an order granting that part of plaintiffs' motion brought pursuant to CPLR 4404 (a) seeking to set aside the verdict insofar as it apportioned liability and directed defendants to pay the entire award of damages of $10,000 for the past pain and suffering of Lucy Yondt (plaintiff), and denying that part of plaintiffs' motion seeking additional damages. We agree with defendants that Supreme Court should have denied plaintiffs' motion in its entirety. The jury evidently concluded that, had plaintiff been looking where she was walking, she would have seen the icy patch where she slipped and fell and thus would have avoided the accident. Such a conclusion is not "utterly irrational" (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]), in light of the photographs of the scene that were taken 45 minutes after the accident. Furthermore, there was meteorological evidence that it was misty and below freezing all morning before the accident and, indeed, that it was misty and 27 degrees at the time of the accident. The jury could have rationally concluded that plaintiff, a life-long resident of western New York, should have been aware of the icy conditions. "[W]hether a plaintiff is comparatively negligent is almost invariably a question of fact and is for the jury to determine in all but the clearest cases" (Shea v New York City Tr. Auth., 289 AD2d 558, 559 [2001]). " 'The jury, which saw and heard the witnesses, was in the best position to evaluate the circumstances and the nature of [the parties'] conduct, and there is no basis for usurping the jury's function' " (Paterson v Ellis, 284 AD2d 981, 981-982 [2001], quoting Barresi v Kapr, 226 AD2d 1074 [1996], appeal dismissed 88 NY2d 1005 [1996]).

We further conclude that the court did not abuse its discretion in denying that part of plaintiffs' motion seeking additional damages (see generally Cooke v Meltzer, 235 AD2d 517, 518

[1997]; *O'Brien v Covert,* 187 AD2d 419, 420 [1992]). Plaintiff was 75 years old at the time of trial and sustained non-displaced fractures of the left humerus and left knee that did not require casting or surgery. She was not hospitalized and quickly returned to her normal routine. She was last treated for her injuries two months after the accident and at that time was doing reasonably well. We agree with defendants that the award of damages for past pain and suffering does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]) and that the jury's failure to award damages for future pain and suffering is supported by a fair interpretation of the evidence (*see Feneck v First Union Real Estate Equity & Mtge. Invs.,* 266 AD2d 916, 917 [1999]). We also agree with defendants that the jury's failure to award damages on the derivative claim is supported by a fair interpretation of the evidence. We therefore modify the order by denying plaintiffs' motion in its entirety. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Lawton, JJ.