Bonnie Lanigan, Respondent, v United School Bus, Inc., et al., Appellants. [767 NYS2d 793]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Hall, J.), dated June 4, 2002, which, upon a jury verdict on the issue of liability finding them 100% at fault in the happening of the accident, and a separate jury verdict awarding the plaintiff damages in the sums of $800,000 for past pain and suffering, $0 for future pain and suffering, and $150,000 for past lost earnings, is in favor of the plaintiff and against them in the principal sum of $950,000.

Ordered that the judgment is modified, on the law, without costs or disbursements, and a new trial is granted on the issue of damages for past pain and suffering only, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file with the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $800,000 to $100,000, and to the entry of an appropriate amended judgment; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.

On November 25, 1996, the plaintiff, a paraprofessional with the New York City Board of Education, was injured on a school minibus while she was escorting an autistic student to her seat. The evidence established that the minibus was left unattended by the defendants with the key in the ignition and the engine running when it suddenly began moving backwards and jumped a curb.

Contrary to the defendants' contention, the Supreme Court properly charged the jury on Vehicle and Traffic Law § 388 (1), as the defendants failed to rebut the presumption that at the time of the accident, the minibus was used or operated with the owner's express or implied consent (see Murdza v Zimmerman,

99 NY2d 375, 380 [2003]; *Leotta v Plessinger,* 8 NY2d 449, 461 [1960]; *Albouyeh v County of Suffolk,* 96 AD2d 543, 544 [1983], *affd* 62 NY2d 681 [1984]).

Further, the Supreme Court providently exercised its discretion in refusing to grant the defendants' request for a two-day continuance to call their physicians as witnesses (*see Matter of Anthony M.,* 63 NY2d 270, 283 [1984]).

The award of damages to the plaintiff for past pain and suffering in the principal sum of $800,000 deviates materially from what would be reasonable compensation to the extent indicated (*see* CPLR 5501 [c]; *Cromas v Kosher Plaza Supermarket,* 300 AD2d 273, 274 [2002]; *Walsh v Kings Plaza Replacement Serv.,* 239 AD2d 408, 409 [1997]; *Knight v Long Is. Coll. Hosp.,* 106 AD2d 371 [1984]; *Senko v Fonda,* 53 AD2d 638 [1976]), as the jury determined that the plaintiff did not sustain a significant limitation of a body function or system. However, the jury did determine that the plaintiff sustained a medical injury or impairment of a nonpermanent nature which prevented her from performing all of the material acts which constitute her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. Smith, J.P., Krausman, McGinity and Rivera, JJ., concur.