■ JACKLYN DEANS et al., Appellants-Respondents, v JAMAICA HOSPITAL MEDICAL CENTER, Respondent-Appellant. [883 NYS2d 580]—

In an action, inter alia, to recover damages for wrongful death, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), entered July 16, 2007, as denied those branches of their motion which were for summary judgment on the issue of liability on so much of the complaint as was to recover damages for negligence, to strike the answer or, in the alternative, to preclude the defendant from offering any evidence at trial based upon the defendant's failure to comply with court-ordered discovery pursuant to CPLR 3126, to hold a nonparty witness in

civil contempt for failing to respond to a subpoena, and for an award of costs and sanctions pursuant to 22 NYCRR 130-1.1, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing so much of the wrongful death cause of action as was to recover for pecuniary loss based upon alleged lost earnings.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, without costs or disbursements, and that branch of the defendant's cross motion which was for summary judgment dismissing so much of the wrongful death cause of action as was to recover for pecuniary loss based upon alleged lost earnings is granted.

In November 2001, the plaintiff's decedent allegedly sustained injuries resulting in his death when he fell from a hospital bed at the defendant hospital. The coadministrators of his estate brought this action against the defendant to recover damages for wrongful death under theories of negligence and medical malpractice. Eventually, the parties entered into various "so-ordered" stipulations, including one dated September 28, 2005, which provided a discovery schedule, and deadlines for the filing of a note of issue and the making of summary judgment motions. The note of issue was timely filed on November 3, 2005, pursuant to that stipulation, but the deadline for summary judgment motions was extended by another so-ordered stipulation, dated March 1, 2006. By order dated September 12, 2006, however, the court granted the defendant's motion to vacate the note of issue. The parties subsequently each sought, inter alia, partial summary judgment, the plaintiffs on the issue of liability on so much of the complaint as was to recover damages for negligence, and the defendant for dismissal of so much of the wrongful death cause of action as was to recover for pecuniary loss based upon alleged lost earnings.

The Supreme Court denied the motions as untimely under the stipulation dated March 1, 2006, and also held that neither party was entitled to summary judgment as there were outstanding issues of fact. On appeal, the plaintiffs and the defendant argue, among other things, that the Supreme Court erred in denying their respective motion and cross motion, inter alia, for partial summary judgment as untimely and on the merits.

We agree that the motions were not untimely. The court's order dated September 12, 2006, striking the note of issue, rendered the stipulation with respect to summary judgment mo-

tions inoperative (see CPLR 3212 [a]; cf. Williams v Peralta, 37 AD3d 712, 713 [2007]; Johnson v Ladin, 18 AD3d 439 [2005]). The plaintiffs' motion for summary judgment on the issue of liability on so much of the complaint as was to recover damages for negligence, however, was properly denied, as the plaintiffs failed to establish, prima facie, that, by having only three of the four bedrails on the plaintiff's decedent's bed in the raised position, the defendant breached its duty of care to him (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). However, that branch of the defendant's motion which was for summary judgment dismissing so much of the wrongful death cause of action as was to recover for pecuniary loss based upon alleged lost earnings should have been granted. A party claiming lost earnings has the burden of proving the amount of actual past earnings with reasonable certainty, by means of tax returns or other documentation (see Ferrigno v County of Suffolk, 60 AD3d 726, 728 [2009]; Poturniak v Rupcic, 232 AD2d 541, 542 [1996]). Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing so much of the wrongful death cause of action as was to recover for pecuniary loss based upon alleged lost earnings by submitting the plaintiffs' decedent's tax returns for 1999, 2000, and 2001, which showed that he had no income for those years (see Poturniak v Rupcic, 232 AD2d at 542). In response, the plaintiffs claimed, without supporting documentation, that the decedent must have had unreported income for those years. This conclusory assertion was insufficient to raise a triable issue of fact (see Medina v Allstate Ins. Co., 266 AD2d 267, 268 [1999]; Bailey v Jamaica Buses Co., 210 AD2d 192 [1994]).

The plaintiffs' remaining contentions are without merit. Fisher, J.P., Florio, Covello and Dickerson, JJ., concur.