■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. MORRIS, Appellant. (Appeal No. 2.) — Judgment, insofar as it sentences defendant as a second felony offender, unanimously reversed, on the law, and defendant remanded to Cayuga County Court for resentencing in accordance with same memorandum as in *People v Morris* (Appeal No. 1) (86 AD2d 763), and, otherwise, judgment affirmed. (Appeal from judgment of Cayuga County Court, Corning J. — driving while intoxicated.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.

■ FORREST YOUNG, Respondent, v UTICA MUTUAL INSURANCE COMPANY, Appellant. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: We agree that Trial Term properly determined, in this case of a disabled self-employed carpenter who owns and operates his own business, that the amount of lost "earnings" under section 671 (subd 1, par [b]) of the Insurance Law may be measured by lost profits (see *Spreen v Erie R. R. Co.*, 219 NY 533; *Kronold v City of New York*, 186 NY 40; *Galanis v Simon*, 222 App Div 330, affd 250 NY 524; 13 NY Jur, Damages, § 84; Ann., 45 ALR3d 345). The record shows that both parties adopted this approach. The business was "an individual enterprise conducted chiefly by [plaintiff]" and his earnings were "chiefly personal, as is apparent from the fact that there ceased to be any net income from the business after his [injury]" (*Spreen v Erie R. R. Co., supra,* p 536). Further, we agree that the actual profits are not equivalent to and need not be limited to taxable net income. The central issue here is whether the court's method in calculating the profits derived from this individual enterprise was correct. The court computed profits by attributing to plaintiff based on evidence of past performance the total receipts that he would have produced in his business during the period of his disability and deducting therefrom only such business expenses as would necessarily be related to the production of that income. In effect, the court adopted the general rule that lost profits mean "net profits" (see *Martin Motor Sales v Saab-Scania of Amer.*, 452 F Supp 1047; *McRoberts Protective Agency v Lansdell Protective Agency,* 61 AD2d 652, 655; *Santa's Workshop v Sterling,* 2 AD2d 262, 267, affd 3 NY2d 757). We cannot say that Trial Term's award of $508 per month based on this computation is not supported by the evidence. Turning to defendant's remaining contentions on appeal, we agree that the final award should be reduced by 20% (Insurance Law, § 671, subd 2, par [a]). Similarly, interest may not begin to run until May 24, 1978. Interest does not accrue until the payment is overdue (11 NYCRR 65.15 [g]), which is 30 days after the insurer receives verification of requested information (11 NYCRR 65.15 [f]). The requested information was supplied on April 24, 1978 and thus interest cannot accrue until 30 days thereafter. (Appeal from judgment of Allegany Supreme Court, Horey, J. — Insurance Law, § 671.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.