■ STAVROS KONSTANTATOS, Individually and as Administrator of the Estate of CONSTANTINE KONSTANTATOS, Deceased, Appellant, v COUNTY OF SUFFOLK, Defendant, and DEALERS LEASING CORP. et al., Respondents.—In an action to recover damages for wrongful death, the plaintiff appeals from stated portions of an order of the Supreme Court, Suffolk County (Brown, J.), entered December 27, 1989, which, *inter alia*, granted the motion by the defendants Dealers Leasing Corp. and Michael D. Kelly to strike the plaintiff's supplemental bill of particulars dated May 19, 1989, and which denied his motion for leave to serve the supplemental bill of particulars on all defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's decedent was killed in an automobile accident. At the time of his death, the plaintiff's decedent was the manager of two diners that his family owned and operated. The plaintiff commenced this action to recover damages for wrongful death as the administrator of his son's estate and in his individual capacity.

The plaintiff served a supplemental bill of particulars dated May 19, 1989, which claimed as special damages the loss of profits and the decrease in value of two corporations which did business as the family diners. Two of the defendants, Dealers Leasing Corp. and Michael D. Kelly, moved to strike this supplemental bill of particulars, arguing that the special damages, which alleged pecuniary loss to corporations, were not recoverable in a wrongful death action. The plaintiff cross-moved for leave to serve the supplemental bill of particulars on all defendants nunc pro tunc.

We find that the court properly granted the respondents' motion to strike the bill of particulars and denied the plaintiff's motion. Damages in a wrongful death action are limited to the "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (EPTL 5-4.3). Although a corporation which employed a decedent may suffer pecuniary injury due to his death, a corporation is not a beneficiary of the decedent, and thus, is not a "person * * * for whose benefit" the wrongful death action is brought. The decedent's future earnings capacity has traditionally been one of the factors used in determining the damages recoverable in a wrongful death action (see, Johnson v Manhattan & Bronx Surface Tr. Operating Auth., 71 NY2d 198, 203). However, there is no evidence that the profits of the corporations were chiefly personal to the plaintiff's decedent. Accordingly, there is no merit to the plaintiff's argument that the alleged loss of profits and decrease in value of the corporations due to the death of the plaintiff's decedent, are factors to be considered in measuring his loss of future earnings capacity (see, Young v Utica Mut. Ins. Co., 86 AD2d 764). Thompson, J. P., Bracken, Eiber and Rosenblatt, JJ., concur.