(August 15, 1991)

■ MARITZA RODRIGUEZ, Appellant, v JOHN POLAKOWSKI, Doing Business as KIRLA GROUP, et al., Respondents.—Judgment, Supreme Court, New York County (Jerome Gorski, J.), entered January 12, 1990, which upon a jury verdict, found in favor of defendant John Polakowski, doing business as Kirla Group, and dismissed the complaint, unanimously affirmed, without costs.

On the record, the jury could reasonably have concluded that plaintiff failed to meet her burden of demonstrating that defendant-landlord had actual prior notice of the allegedly defective condition of the bathroom ceiling. Plaintiff claimed that several months before the ceiling collapsed, the landlord had made an inspection of the premises and should have been aware of its defective condition. She also testified that, with the assistance of a neighbor and tenant organizer, she sent a written complaint to the landlord about needed apartment repairs, including the bathroom ceiling. In contrast, the landlord denied receiving any written correspondence concerning the subject premises and testified that his inspection of the premises did not reveal a problem with plaintiff's bathroom ceiling. Thus, while there was conflicting testimony as to whether the landlord had received notice of the alleged condition in plaintiff's bathroom before the incident occurred in June 1985, the jury resolved the disputed facts in favor of defendant and the record presents no reasonable basis to disturb the jury's verdict. *(Picciallo v Norchi,* 147 AD2d 540.)

Furthermore, evidence of defendant-landlord's repair bills was admissible *(see, Prestige Fabrics v Novick & Co.,* 60 AD2d 517), to rebut plaintiff's claim that no repairs had been made to any of the tenants' apartments in the subject building. Although defense counsel, on summation, improperly commented that the bills indicated that repairs were, in fact, generally made, the error was not of sufficient significance to warrant a reversal.

Additionally, plaintiff was not prejudiced by defense coun-

sel's summation remarks since the comments, when read in context, were within the bounds of the wide latitude allowed to counsel on summation, and in any event, any possible prejudice was corrected by the court's curative instructions during its charge. (See, Kwasny v Feinberg, 157 AD2d 396.) Concur—Murphy, P. J., Milonas, Ellerin, Kupferman and Rubin, JJ.