counsel do not require reversal. Defendant Keene did not object to several of the alleged improprieties, and those objected-to comments were arguably within the range of fair comment or were the subject of adequate curative action by the trial court. In sum, the comments were not so egregious or prejudicial as to compel the granting of defendant's motion for a mistrial.

The trial court did not abuse its discretion in permitting plaintiffs, during cross-examination of a defense witness, to elicit an expert opinion from that witness *(see, Nicolla v Fasulo,* 161 AD2d 966, 968) or in precluding defendant Keene from introducing interrogatory answers submitted by codefendants to prove Keene's cross claims against those codefendants *(see,* CPLR 3117 [a] [2]; 3131; *State Univ. Constr. Fund v Kipphut & Neuman Co.,* 159 AD2d 1003, 1005). Further, because issues of The Asbestos Workers Magazine were proffered for the truth of matters asserted therein, those materials constituted hearsay, and the trial court properly precluded defendant Keene from introducing those materials into evidence.

Lastly, the trial court properly denied plaintiff Gram's posttrial motion to set aside a portion of the verdict apportioning liability. That portion of the verdict was consistent with an earlier order of the court resolving that issue. (Appeals from Judgment of Supreme Court, Erie County, Notaro, J.—Products Liability.) Present—Denman, P. J., Green, Balio, Boomer and Boehm, JJ.

■ In the Matter of EIGHTH JUDICIAL DISTRICT ASBESTOS LITIGATION. PATRICIA J. BORUCKI, Individually and as Administratrix of the Estate of CHARLES M. BORUCKI, Deceased, Respondent, v A C AND S, INC., et al., Defendants, and KEENE CORPORATION, Appellant. (Appeal No. 2.) [602 NYS2d 584] —Judgment unanimously affirmed with costs. Same Memorandum as in *Matter of Eighth Judicial Dist. Asbestos Litig.* (197 AD2d 901 [decided herewith]). (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—Products Liability.) Present—Denman, P. J., Green, Balio, Boomer and Boehm, JJ.

■ ALICE L. NYKAZA, Individually and as Administratrix of the Estate of EDWARD E. NYKAZA, Deceased, Respondent, v EDWARD M. NATHAN et al., Appellants. (Appeal No. 1.) [602 NYS2d 585] —Order unanimously affirmed with costs. Same Memorandum as in *Nykaza v Nathan* (197 AD2d 903 [decided herewith]). (Appeals from Order of Supreme Court, Onondaga

County, Mordue, J.—Discovery.) Present—Denman, P. J., Green, Balio, Boomer and Boehm, JJ.

■ ALICE L. NYKAZA, Individually and as Administratrix of the Estate of EDWARD E. NYKAZA, Deceased, Respondent, v EDWARD M. NATHAN et al., Appellants. (Appeal No. 2.) [602 NYS2d 453] —Order unanimously affirmed with costs. Memorandum: Before his death, decedent operated a food market, organized as a close corporation, which paid him a regular salary. In this wrongful death action, defendants sought disclosure, *inter alia,* of the corporation's and plaintiff's financial records for the period after decedent's death. In October 1992, Supreme Court denied defendants' motion to compel disclosure of that information, with leave to renew upon completion of other court-ordered disclosure. In April 1993, a renewal of the motion to compel such disclosure was made, and the court again denied it.

The usual rule in wrongful death actions is that the measure of "pecuniary injuries resulting from the decedent's death" is decedent's gross income at the time of death (EPTL 5-4.3; *see, Johnson v Manhattan & Bronx Surface Tr. Operating Auth.,* 71 NY2d 198, 203-204). Because a corporation is not a person entitled to recover under the wrongful death statute, the effect of decedent's death on corporate profits is neither admissible nor discoverable *(Konstantatos v County of Suffolk,* 174 AD2d 653). Defendants contend that they require the post-death information to determine whether decedent's death benefited the close corporation, arguing that decedent took more in income from the corporation than he contributed to it as an employee. Defendants' extensive opportunity to examine the corporation's pre-death financial records has failed to demonstrate any evidence to support that argument. The court properly declined, therefore, to compel further disclosure *(see, Konstantatos v County of Suffolk, supra).*

We have examined defendants' other contentions and find them to be without merit. (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Discovery.) Present— Denman, P. J., Green, Balio, Boomer and Boehm, JJ.

■ In the Matter of KRISTI L. M., a Person Alleged to be a Juvenile Delinquent. [602 NYS2d 454] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order of disposition adjudging her to be a juvenile delinquent. Although respondent should have appealed from a subsequent order modifying that dispositional order, we exer-