■ ALICE L. NYKAZA, Individually and as Administratrix of the Estate of EDWARD E. NYKAZA, Deceased, Respondent, v EDWARD M. NATHAN et al., Appellants. (Appeal No. 2.) [602 NYS2d 453] —Order unanimously affirmed with costs. Memorandum: Before his death, decedent operated a food market, organized as a close corporation, which paid him a regular salary. In this wrongful death action, defendants sought disclosure, *inter alia,* of the corporation's and plaintiff's financial records for the period after decedent's death. In October 1992, Supreme Court denied defendants' motion to compel disclosure of that information, with leave to renew upon completion of other court-ordered disclosure. In April 1993, a renewal of the motion to compel such disclosure was made, and the court again denied it.

The usual rule in wrongful death actions is that the measure of "pecuniary injuries resulting from the decedent's death" is decedent's gross income at the time of death (EPTL 5-4.3; *see, Johnson v Manhattan & Bronx Surface Tr. Operating Auth.,* 71 NY2d 198, 203-204). Because a corporation is not a person entitled to recover under the wrongful death statute, the effect of decedent's death on corporate profits is neither admissible nor discoverable *(Konstantatos v County of Suffolk,* 174 AD2d 653). Defendants contend that they require the post-death information to determine whether decedent's death benefited the close corporation, arguing that decedent took more in income from the corporation than he contributed to it as an employee. Defendants' extensive opportunity to examine the corporation's pre-death financial records has failed to demonstrate any evidence to support that argument. The court properly declined, therefore, to compel further disclosure *(see, Konstantatos v County of Suffolk, supra).*

We have examined defendants' other contentions and find them to be without merit. (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Discovery.) Present— Denman, P. J., Green, Balio, Boomer and Boehm, JJ.