■ GIOVANNI CALO, Respondent, v DORIAN PEREZ et al., Appellants. [621 NYS2d 370] —In an action to recover damages for personal injuries, the defendants appeal from (1) a judgment of the Supreme Court, Nassau County (Becker, J.), dated November 30, 1992, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal amount of $234,000 ($50,000 for past pain and suffering, $25,000 for future pain and suffering, $9,000 for past loss of earnings, and $150,000 for future loss of earnings), and (2) a resettled judgment of the same court dated February 16, 1993, which is in favor of the plaintiff and against them in the principal amount of $246,000 ($50,000 for past pain and suffering, $25,000 for future pain and suffering, $21,000 for past loss of earnings, and $150,000 for future loss of earnings).

Ordered that the appeal from the judgment is dismissed because it was superseded by the resettled judgment; and it is further,

Ordered that the resettled judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the defendants' contention, the evidence adduced at the trial amply supports the jury's verdict that the plaintiff sustained a significant injury as a result of an automobile accident on December 9, 1989. All of the plaintiff's medical witnesses testified that the plaintiff's herniated cervical disc and associated nerve damage were caused by the accident. In addition, the plaintiff's treating physician testified that 2½ years after the accident the plaintiff had a 90% loss of neck motion. Thus, it cannot be said that the jury's verdict could not have been reached upon a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129, 134).

In addition, the record amply supports the jury's award for past and future loss of earnings. The general rule is that loss of earnings must be established with reasonable certainty, focusing in part on the plaintiff's earning capacity both before and after the accident (see, Clanton v Agoglitta, 206 AD2d 497; Kirschhoffer v Van Dyke, 173 AD2d 7, 10). Here, the plaintiff established that prior to the accident he earned approximately $25,000 a year as a mason. The plaintiff also established that his injuries prevented him from working in the masonry profession. Thus, the jury's award for future loss of earnings does not deviate materially from what would be reasonable compensation.

The defendants' remaining contentions are without merit (see, Kupfer v Dalton, 169 AD2d 819; Wilson v Bodian, 130 AD2d 221, 224; Holshek v Stokes, 122 AD2d 777, 778; Gunn v City of New York, 104 AD2d 848, 849). Sullivan, J. P., Thompson, Copertino and Pizzuto, JJ., concur.