■ WILLIAM BACIGALUPO, Respondent, v HEALTHSHIELD, INC., et al., Appellants. [647 NYS2d 32] —In an action to recover damages for medical malpractice, the defendants appeal from (1) a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered May 17, 1995, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $1,517,059.24 ($1,500,000 for past pain and suffering, $10,684 for loss of earnings, and $6,375.24 for medical expenses), and (2) an order of the same court, dated May 31, 1995, which denied their motion, *inter alia,* to set aside the verdict.

Ordered that the appeal from the order dated May 31, 1995, is dismissed as academic, without costs or disbursements, in light of our determination of the appeal from the judgment; and it is further,

Ordered that the judgment is modified, on the law, on the facts, and as a matter of discretion, by deleting the provision thereof which awarded the plaintiff $1,500,000 for past pain and suffering and $10,684 for loss of earnings, and substituting therefor provisions (1) severing the plaintiff's cause of action to recover damages for past pain and suffering and (2) awarding the plaintiff $0 for loss of earnings, and (3) granting a new trial with respect to the cause of action for past pain and suffering; as so modified the judgment is affirmed, with costs to the appellants, unless within 30 days after service upon him of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the

Supreme Court, Dutchess County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $1,500,000 to the sum of $300,000 and to the entry of an amended judgment in his favor; in the event that the plaintiff so stipulates, then the judgment as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for entry of an appropriate amended judgment accordingly.

Contrary to the defendants' contention, the plaintiff established a prima facie case of medical malpractice (see, Minelli v Good Samaritan Hosp., 213 AD2d 705; Hughes v New York Hosp.-Cornell Med. Ctr., 195 AD2d 442). Additionally, the jury's verdict on the issue of liability was amply supported by the evidence adduced at the trial (see, Nicastro v Park, 113 AD2d 129, 134).

The defendants' contention that plaintiff's counsel made several improper comments during closing argument is unpreserved for appellate review as no motion for a mistrial was made (see, Torrado v Lutheran Med. Ctr., 198 AD2d 346, 347; Kamen v City of New York, 169 AD2d 705, 706; Scott v Mason, 155 AD2d 655, 657). In any event, any possible prejudice was corrected by the court's curative instructions during its charge (see, Rodriguez v Polakowski, 175 AD2d 726, 727; Kwasny v Feinberg, 157 AD2d 396, 402).

We find that the jury award of $1,500,000 for past pain and suffering deviated materially from what would be reasonable compensation to the extent indicated (see, CPLR 5501 [c]). In addition, the record does not support the jury's award for loss of earnings. The general rule is that loss of earnings must be established with reasonable certainty, focusing in part on the plaintiff's earning capacity both before and after injury (see, Calo v Perez, 211 AD2d 607, 608; Clanton v Agoglitta, 206 AD2d 497, 499; Kirschhoffer v Van Dyke, 173 AD2d 7, 10). Here, the plaintiff received his paycheck while he was out of work and failed to establish any diminution in earning capacity resulting from his injury (cf., Johnston v Colvin, 145 AD2d 846). Accordingly, he is not entitled, as a matter of law to recover damages for loss of earnings. Thompson, J. P., Joy, Altman and Hart, JJ., concur.