■ Lynda Thomas, Respondent, v Joseph Puccio et al., Appellants. [704 NYS2d 666] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Held, J.), entered January 29, 1999, which, upon a jury verdict on the issue of damages finding that the plaintiff sustained damages of $50,000 for past pain and suffering, $25,000 for future pain and suffering, and $50,000 for impairment of future earning ability, is in favor of the plaintiff and against them in the principal sum of $125,000.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff $50,000 for impairment of future earning ability, and substituting therefor a provision dismissing so much of the complaint as sought to recover damages for impairment of future earning ability; as so modified, the judgment is affirmed, without costs or disbursements.

Contrary to the defendants' contention, the plaintiff adduced sufficient evidence from which the jury could rationally conclude that she sustained a serious injury (see, Insurance Law § 5102 [d]; Maisonaves v Friedman, 255 AD2d 494). In addition, the verdict on that issue was not against the weight of the evidence (see, Nicastro v Park, 113 AD2d 129). The damages awarded to the plaintiff for past and future pain and suffering did not deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]).

The record, however, does not support the award of damages for impairment of future earning ability, which must be established with reasonable certainty, based on evidence of the plaintiff's earning ability both before and after her injuries (see, Bacigalupo v Healthshield, Inc., 231 AD2d 538). Here, the plaintiff failed to establish any diminution in earning ability because of her injuries. In fact, following the accident, she received a promotion and a raise. Her claim that she would be entitled to a further promotion if not for her injuries was purely speculative. Accordingly, the plaintiff is not entitled, as a matter of law, to recover damages for impairment of future earning ability.

The defendants' remaining contentions are without merit. Santucci, J. P., Joy, Thompson and Goldstein, JJ., concur.