■ LEO R. JOHNSON et al., Respondents, v JOSEPH RAPISARDA et al., Appellants. [730 NYS2d 446] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered May 2, 2000, which, upon a jury verdict awarding the plaintiff Leo R. Johnson damages in the sums of $109,500 for past pain and suffering, $255,500 for future pain and suffering, and $360,000 for impairment of future earning ability, and awarding the plaintiff Marianne Johnson damages in the sum of $36,000 for past loss of services, is in favor of the plaintiffs and against them in the principal sum of $761,000.

Ordered that the judgment is modified, on the law and the facts and as an exercise of discretion, by (1) deleting the provision thereof awarding the plaintiff Leo R. Johnson the sum of $360,000 for impairment of future earning ability and substituting therefor a provision dismissing so much of the complaint as sought to recover damages for impairment of future earning ability, and (2) deleting the provision thereof awarding the plaintiff Marianne Johnson damages in the sum of $36,000 for past loss of services, and substituting therefor a provision severing that cause of action and granting a new trial with re-

spect thereto; as so modified, the judgment is affirmed, with costs to the appellants, unless within 30 days after service upon the plaintiff Marianne Johnson of a copy of this decision and order·she shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to decrease the verdict as to damages for past loss of services from the sum of $36,000 to the sum of $15,000 and to the entry of an amended judgment accordingly; in the event that the plaintiff Marianne Johnson so stipulates, then the judgment as so modified, and as so reduced and amended, is affirmed, without costs and disbursements.

The record does not support the jury's award of damages for impairment of future earning ability, which must be established with reasonable certainty, based on evidence of the injured plaintiff's earning capacity both before and after the injury (*see, Thomas v Puccio,* 270 AD2d 480; *Gomez v City of New York,* 260 AD2d 598; *Bacigalupo v Healthshield, Inc.,* 231 AD2d 538; *Calo v Perez,* 211 AD2d 607, 608). Accordingly, the injured plaintiff is not entitled, as a matter of law, to recover damages for impairment of future earning ability.

The damage award for past loss of services was excessive to the extent indicated, as it deviated materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

The defendants' remaining contentions are without merit. S. Miller, J. P., H. Miller, Schmidt and Cozier, JJ., concur.