■ CLARK BARLATIER et al., Appellants, v ROLLINS LEASING CORPORATION et al., Respondents, et al., Defendants. [739 NYS2d 188] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Kings County (Steinhardt, J.), dated December 1, 2000, as, upon a jury verdict, awarded the plaintiff Clark Barlatier $140,000 for past pain and suffering, $160,000 for past lost earnings, $50,000 for future pain and suffering, and nothing for future lost earnings, and awarded the plaintiff Nancy Barlatier nothing on her derivative claim.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provisions thereof awarding the plaintiff Clark Barlatier $50,000 for future pain and suffering and nothing for future lost earnings, and substituting therefor provisions severing those claims and granting the plaintiff Clark Barlatier a new trial with respect to those claims only; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, unless within 30 days after service upon them of a copy of this decision and order, the defendants Rollins Leasing Corporation, Donald Chapman, and Core Trucking Company, Inc., serve and file with the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the award of damages for future pain and suffering from $50,000 to $250,000, and to award $200,000 for future lost earnings; in the event the respondents so stipulate, then the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements.

It was undisputed at the trial that the subject accident "clearly aggravated" a preexisting condition in the plaintiff Clark Barlatier's right knee. After three corrective surgeries, Mr. Barlatier suffers from Grade 4 chondromalacia patella and atrophy of one inch in the right calf. He requires a crutch or a cane to walk.

Before this injury, Mr. Barlatier worked as a school bus driver. His salary at the time of trial, if he had continued working, would have been $34,293. It was undisputed at the trial that Mr. Barlatier can no longer work as a school bus driver. He can do sedentary work on a part-time basis.

At the time of the trial, Mr. Barlatier's life expectancy was 31.6 years and his work life expectancy was 16.6 years. The jury awarded him $140,000 for past pain and suffering and $160,000 for past loss of earnings, for the five-year period from the accident until the trial. However, with respect to future damages, the jury awarded Mr. Barlatier $50,000 for pain and suffering for one year and nothing for future lost earnings.

Those awards deviated materially from what would constitute reasonable compensation for Mr. Barlatier's future damages (see, CPLR 5501 [c]). In view of the foregoing, a new trial is granted with respect to future pain and suffering and future lost earnings, unless the respondents consent to increase the award for future pain and suffering from $50,000 to $250,000, and to award $200,000 for future lost earnings.

The plaintiff's remaining contentions are without merit. Goldstein, J.P., Friedmann, McGinity and H. Miller, JJ., concur.