■ JOSE MACHADO, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. (And a Third-Party Action.) [758 NYS2d 165] —In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Richmond County (Lebowitz, J.), dated January 24, 2002, which, after a jury trial on the issue of damages only, granted the plaintiff's motion to set aside the verdict as inadequate to the extent of directing a new trial on the issue of damages for past and future pain and suffering unless it stipulated to an increase in the award for past pain and suffering from the sum of $500,000 to the sum of $1,500,000, and an increase in the award for future pain and suffering from the sum of $350,000 to the sum of $500,000, and denied its cross motion to set aside so much of the verdict as awarded damages for past pain and suffering as excessive.

Ordered that the order is affirmed, with costs.

On August 27, 1996, the 23-year-old plaintiff, a construction worker employed by the third-party defendant Techno Construction Company, was working in an excavation ditch located on Willowbrook Road in Richmond County when a trench wall collapsed on him, causing him to be completely buried and trapped under debris. He obtained summary judgment against the defendant City of New York on the issue of liability pursuant to Labor Law § 240.

As a result of the accident, the plaintiff sustained a severe spinal fracture and a complete destruction of his left knee mechanism, requiring him to undergo six surgeries. He also suffered numerous other complications during the course of his treatment including errant bone growth, infection at the graft site, and serious intestinal complications that caused excruciating pain. He was hospitalized for a month, was discharged to a rehabilitation center where he remained for two weeks, and then attended an outpatient intensive regimen of physical therapy for several years. He lost 60 pounds, could not engage in sexual activity, play sports, socialize, date, or work in a non-sedentary job. He was left with permanent disabilities and was at greater risk for sustaining degenerative changes in his spine and knee earlier in life. Therefore, the Supreme Court properly determined that the jury's award for past and future pain and

suffering deviated materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Barlatier v Rollins Leasing Corp.,* 292 AD2d 480, 481 [2002]; *cf. Pellegrino v Felici,* 278 AD2d 212, 213 [2000]), and properly directed a new trial on the issue of damages as to those causes unless the City stipulated to an increase in the award for past pain and suffering from the sum of $500,000 to the sum of $1,500,000, and an increase in the award for future pain and suffering from the sum of $350,000 to the sum of $500,000 (*see e.g. Kirby v Turner Constr. Co.,* 286 AD2d 618, 619 [2001]; *Young v Tops Mkts.,* 283 AD2d 923, 924-925 [2001]; *Figueroa v Center Assoc.,* 283 AD2d 324, 325 [2001]). Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.