■ Linton Salmon et al., Respondents, v Wendell Terrace Owners Corp., Appellant, et al., Defendant. (And Another Title.) [774 NYS2d 54]—

In an action to recover damages for personal injuries, etc., the defendant Wendell Terrace Owners Corp. appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Nassau County (Phelan, J.), dated August 28, 2002, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court (Franco, J.), dated January 6, 2003, as, upon a jury verdict awarding the plaintiff Linton Salmon the sums of $500,000 for past pain and suffering and $1,000,000 for future pain and suffering, and awarding the plaintiff Carmen Salmon the sums of $100,000 for past pain and suffering and $40,000 for past loss of services, is in favor of the plaintiffs and against it.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the facts and as an exercise of discretion, and a new trial is granted on the issue of damages only with respect to future pain and suffering as to Linton Salmon and with respect to past pain and suffering and past loss of services as to Carmen Salmon; as so modified, the

judgment is affirmed insofar as appealed from, with two bills of costs to the appellant unless, within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages with respect to Linton Salmon for future pain and suffering from the sum of $1,000,000 to the sum of $250,000, and as to damages with respect to Carmen Salmon for past pain and suffering from the sum of $100,000 to $50,000, and for past loss of services from the sum of $40,000 to the sum of $20,000, and to the entry of an amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs sustained personal injuries as a result of a fire that occurred in an apartment building owned by the defendant Wendell Terrace Owners Corp. (hereinafter the defendant). The defendant appeals from the judgment rendered after trial, and also challenges the Supreme Court's prior order denying its motion for summary judgment.

Regarding the latter, the defendant contends that the Supreme Court erred in denying its motion for summary judgment dismissing the complaint as the fire was started by an unapprehended arsonist, and that this unforeseeable intervening criminal act absolved it of any liability for the plaintiffs' injuries (*see Jacqueline S. v City of New York,* 81 NY2d 288, 293-294 [1993]; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519-520 [1980]). However, the Supreme Court properly denied the motion, as the defendant failed to demonstrate, as a matter of law, that the fire was indeed due to an unforeseeable criminal act. In his report, the fire marshal drew no conclusion as to the cause of the fire and the police department's case report worksheet indicated only that the fire was "suspicious." Further, the unsigned, unsworn report submitted by the defendant's investigator did not constitute competent evidence (*see Reed v New York City Tr. Auth.,* 299 AD2d 330, 332 [2002]; *Ritts v Teslenko,* 276 AD2d 768, 769 [2000]).

In any event, even if the fire was the result of arson, it cannot be said that the alleged criminal act was so extraordinary or so

attenuated from the defendant's negligent conduct as to constitute a superseding cause sufficient to relieve the defendant of liability. The plaintiffs established a prima facie case that their injuries were proximately caused by the defendant's failure to provide operating smoke alarms or to repair the defective fire resistant door to their apartment (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]; *Cordero v Kaiser Org.*, 288 AD2d 424, 426 [2001]; *Mooney v PCM Dev. Co.*, 238 AD2d 487, 488 [1997]; *Lamey v Foley*, 188 AD2d 157, 165 [1993]). Accordingly, the motion for summary judgment was properly denied and the issue left to the jury for determination.

After trial, the jury returned a verdict in favor of the plaintiffs. We agree with the defendant's contention that the award of damages for future pain and suffering as to the plaintiff Linton Salmon is excessive to the extent indicated (*see* CPLR 5501 [c]; *cf. Wimbish v New York City Tr. Auth.*, 305 AD2d 586 [2003]; *Machado v City of New York*, 304 AD2d 626 [2003]; *Donlon v City of New York*, 284 AD2d 13 [2001]), as is the award for past pain and suffering and past loss of services as to the plaintiff Carmen Salmon (*see Lamuraglia v New York City Tr. Auth.*, 299 AD2d 321 [2002], *lv denied* 100 NY2d 515 [2003]; *Araujo v Marion Mixers*, 289 AD2d 428 [2001]; *Johnson v Rapisarda*, 286 AD2d 709 [2001]).

The defendant's remaining contentions are without merit. S. Miller, J.P., H. Miller, Crane and Rivera, JJ., concur.