■ ANTHONY BONANNO et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [787 NYS2d 325]—

Judgment, Supreme Court, New York County (Kibbie F. Payne, J.), entered September 16, 2003, entitling plaintiffs to recover damages upon a jury verdict, inter alia, awarding plaintiff Anthony Bonanno $200,000 for past pain and suffering and $300,000 for future pain and suffering, and plaintiff Maria Bonanno $20,000 for loss of consortium, unanimously modified, on the law and the facts, to vacate the award of damages for future pain and suffering, and otherwise affirmed, without costs, and the matter remanded for a new trial solely as to damages for future pain and suffering unless plaintiffs, within 30 days of service of a copy of this order with notice of entry, stipulate to reduce the award for future pain and suffering to $250,000 and to entry of an amended judgment in accordance therewith.

While the evidence adduced at the damages-only trial ordered by this Court (298 AD2d 269 [2002]), fairly considered, supports the jury's awards for past pain and suffering and loss of consortium, and those awards do not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]), the same is not true of the jury's award for future pain and suf-

fering. That award, when viewed alongside awards allowed in cases involving plaintiffs with comparable knee injuries and bleaker prognoses (*see Donlon v City of New York*, 284 AD2d 13, 16 [2001]; *see e.g. Barlatier v Rollins Leasing Corp.*, 292 AD2d 480 [2002]; *Castellano v City of New York*, 183 AD2d 800 [1992], *lv denied and dismissed* 80 NY2d 1021 [1992]), is excessive within the meaning of CPLR 5501 (c) and we accordingly direct a new trial as to that component of damages, unless plaintiff stipulates to accept a reduced award in the amount indicated.

Defendant's contentions that certain rulings by the court deprived it of a fair trial are without merit. As a matter of preparedness for retrial, defendant was responsible for anticipating that plaintiffs would again raise an issue that was raised and litigated during the 2001 trial. The Workers' Compensation Board documents that the trial court declined to receive in evidence were hearsay, unsigned by the witness (*cf. Robbins v New York City Tr. Auth.*, 105 AD2d 616, 617 [1984]), and were not shown to be admissible under a hearsay exception (*see Matter of New York City Asbestos Litig. [Brooklyn Nav. Shipyard Cases]*, 188 AD2d 214, 225 [1993], *affd* 82 NY2d 821 [1993]). Concur—Tom, J.P., Mazzarelli, Friedman, Gonzalez and Sweeny, JJ.