Weston Patterson, J.P,
dissents and votes to affirm the judgment in the following memorandum: In my view, plaintiff failed to *118 submit sufficient proof to support an award for lost overtime earnings. As a general rule, fixture lost earnings, including lost overtime, “must be established with reasonable certainty, based on evidence of the plaintiffs earning ability both before and after [his] injuries” (Thomas v Puccio, 270 AD2d 480, 480 [2000]; see also Morgan v Rosselli, 23 AD3d 356, 357 [2005]; Walsh v State of New York, 232 AD2d 939, 940-941 [1996]). Contrary to the opinion of the court below, whether such losses should be attributed to plaintiffs employer, rather than the homeowner, is irrelevant, since liability has already been established against the homeowner.
In this case, plaintiffs lost overtime earnings have not been proven with reasonable certainty. Although plaintiff submitted proof of his overtime earnings both before and after the accident, he fails to explain how his injuries from two subsequent, unrelated incidents did not affect his overtime earnings ability. Moreover, the record reveals that following his injury in 1998, plaintiff earned approximately $20,000 annually in overtime, undermining any claim that his overtime had been restricted. Indeed, except for 1995 and 1996, plaintiffs overtime earnings prior to the accident were substantially the same as those following the accident. Under these circumstances, plaintiffs award for lost overtime is speculative and cannot be sustained. Therefore, the lower court properly granted defendant’s motion pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as found that plaintiff lost overtime wages of $210,000.
Accordingly, I would vote to affirm the judgment.
Golia and Belen, JJ., concur; Weston Patterson, J.P, dissents in a separate memorandum.