STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v JAMES STACK, Appellant. [869 NYS2d 536]—

In an action to determine the defendant's claims for no-fault benefits de novo, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.H.O.), entered June 14, 2007, which, after a nonjury trial, inter alia, dismissed his claims for medical expenses and lost earnings.

Ordered that the judgment is modified, on the law, by deleting the third, fourth, and sixth decretal paragraphs thereof, and so much of the seventh and eighth decretal paragraphs as dismissed the defendant's claims for medical expenses related to his hospitalization from April 10, 1997 through April 12, 1997; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, the defendant's claims for medical expenses related to his hospitalization from April 10, 1997 through April 12, 1997, are reinstated, and the matter is remitted to the Supreme Court, Orange County, for further proceedings to determine the value of the defendant's medical expenses related to his hospitalization from April 10, 1997, through April 12, 1997.

A no-fault arbitration tribunal twice concluded that the defendant James Stack was entitled to benefits arising from an automobile accident. Subsequently, the plaintiff, State Farm Automobile Insurance Company (hereinafter State Farm) commenced a de novo plenary action seeking a determination that medical expenses for Stack's hospitalization were for a condition unrelated to the accident and that Stack failed to demonstrate his entitlement to lost earnings. After a nonjury trial, the Supreme Court determined, inter alia, that State Farm properly denied Stack's claim for medical expenses as unrelated to the accident and that Stack failed to demonstrate his entitlement to lost earnings within the meaning of the no-fault statute. Stack contends that the Supreme Court's judgment in favor of State Farm was not warranted by the facts.

As this case was tried without a jury, this Court's authority is as broad as that of the trial court, and this Court may render a judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]). Upon our review of the record, we find that the evidence did not support the determination of the Supreme Court that Stack's condition was not causally related to the accident.

An insurer seeking to deny no-fault benefits on the basis that a claimant's condition is not causally related to an accident "has the burden to come forward with proof in admissible form to establish the . . . evidentiary 'found[ation for its] belief' that the patient's treated condition was unrelated to his or her automobile accident" (*Mount Sinai Hosp. v Triboro Coach,* 263 AD2d 11, 19-20 [1999]). The testimony of State Farm's expert witness, an anesthesiologist and pain management specialist, that his opinion was based solely upon a hospital discharge summary and insurance claim form, rendered his opinion speculative and of little probative value (*see Gorden v Tibulcio,* 50 AD3d 460 [2008]).

In contrast, the testimony of Stack's expert witness, a neurologist who based his opinion upon his examination of Stack and his review of Stack's relevant medical records, including, inter alia, CT scans and magnetic resonance imaging, and determined that Stack's symptoms first appeared within two weeks of the accident and progressively worsened, was sufficient to establish that Stack's condition was causally related to the accident (*see Scudera v Mahbubur,* 299 AD2d 535, 536 [2002]).

As to Stack's claim for lost earnings, the evidence supported the Supreme Court's determination that he failed to demon-

strate that he sustained a compensable lost wage claim within the no-fault statute (*see Konstantatos v County of Suffolk,* 174 AD2d 653 [1991]). Although a party may recover lost profits while self-employed (*see Young v Utica Mut. Ins. Co.,* 86 AD2d 764 [1982]), Stack's testimony, that after the accident he was unable to maintain his real estate business and stock market portfolio in the manner to which he was accustomed, was insufficient in the absence of financial records, such as tax returns, to establish his alleged lost earnings with reasonable certainty (*see Thomas v Puccio,* 270 AD2d 480 [2000]). Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.