■ Luis L. Munoz, Appellant, v Uptown Paradise T.P. LLC, Respondent. [890 NYS2d 829]—

Plaintiff was injured in a fall when he allegedly slipped on a wet spot on the floor of defendant's flower shop. Plaintiff, who spent 15 minutes in the store, testified that he observed defendant's employees remove flowers from the refrigerator units, causing water to drip on the floor. The water pattern he observed was not limited to the area near the refrigerator units but extended near the entranceway. Defendant's principal conceded that employees would shake the flowers to remove excess water, albeit inside the refrigerator, and that sometimes spills occurred. In addition, the employees were instructed to mop up any spills right away. The deposition testimony of both plaintiff and defendant's principal thus permits the inference that defendant's employees created the wet condition that caused plaintiff's accident (*see Kesselman v Lever House Rest.*, 29 AD3d 302 [2006]). There are also triable issues of fact as to whether defendant had sufficient notice to remedy the hazardous condition, given that the water was on the floor for at least 15 minutes and several employees were working in the area of

the spill. Concur—Gonzalez, P.J., Saxe, Catterson, McGuire and Acosta, JJ.