■ AMBROSIA DE LOS SANTOS, Appellant, v AMSTERDAM APARTMENTS MANAGER, LLC, Also Known as AMSTERDAM APARTMENTS, LLC, et al., Respondents. (And a Third-Party Action.) [918 NYS2d 69]—

Defendants established prima facie that they were not responsible for the injuries plaintiff suffered in a fire that started in a mattress that had been discarded in the second-floor hallway of the building. A fire investigation determined that the mattress was deliberately set afire with an incendiary. Deposition testimony established that the mattress presented no inherently dangerous fire hazard and that no smoking material had been negligently discarded in the hallway (*see e.g. Delgado v New York City Hous. Auth.*, 51 AD3d 570 [2008], *lv denied* 11 NY3d 706 [2008]).

In opposition, plaintiff failed to support her theory that the fire was accidentally caused by discarded smoking material. She also testified that not long before the outbreak of the fire she passed by the second-floor hallway and did not smell smoke or see anyone smoking. Moreover, plaintiff failed to submit evidence of prior similar acts of vandalism in the building so as to raise an inference that the arson was a foreseeable consequence of defendants' alleged negligent failure to remove the mattress

(*see generally Jacqueline S. v City of New York*, 81 NY2d 288 [1993]).

Plaintiff failed to sufficiently raise an inference that a defective rooftop door prevented her from exiting onto the roof to avoid the fire.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Andrias, Renwick and Abdus-Salaam, JJ.