■ AMBROSIA DE LOS SANTOS, Appellant, v AMSTERDAM APARTMENTS MANAGER, LLC, Also Known as AMSTERDAM APARTMENTS, LLC, et al., Respondents. (And a Third-Party Action.) [926 NYS2d 476]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 23, 2009, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

"Viewing the evidence in a light most favorable to plaintiff" (*Roth Law Firm, PLLC v Sands*, 82 AD3d 675, 676 [2011]) and drawing all inferences in her favor "as we are bound to do" (*Cruz v American Export Lines*, 67 NY2d 1, 13 [1986], *cert denied* 476 US 1170 [1986]), triable issues of fact exist regarding whether the rooftop door was defective, preventing plaintiff from escaping from the fire and whether the fire emanating from the mattress in the hallway was deliberately set. While the fire marshal who investigated the fire concluded that the cause of fire was "incendiary," his deposition testimony, considered in

conjunction with the affidavit of plaintiff's expert, raises a triable issue as to this conclusion. Furthermore, even if the fire was an act of arson, under these circumstances, especially given the fire marshal's testimony that with mattress fires, people typically burn mattresses left in the hallway to get rid of them, we cannot conclude that any arson would be unforeseeable as a matter of law (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *see also Salmon v Wendell Terrace Owners Corp.*, 5 AD3d 372, 374 [2004]). Concur—Gonzalez, P.J., Tom, Andrias, Renwick and Abdus-Salaam, JJ.

---

The decision and order of this Court entered herein on March 1, 2011 (82 AD3d 408 [2011]) is hereby recalled and vacated (*see* 2011 NY Slip Op 76789[U] [2011] [decided simultaneously herewith]).