■ NILSA GOMEZ, Respondent, v SHOP-RITE OF NEW GREENWAY, Defendant, and SHOP-RITE SUPERMARKETS INC., Appellant. [973 NYS2d 65]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered January 14, 2013, which denied the motion of defendant Shop-Rite Supermarkets Inc. (Shop-Rite) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Shop-Rite established entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when she slipped and fell on water on the floor of the produce aisle in Shop-Rite's supermarket. Shop-Rite submitted evidence showing that it neither created the subject water condition nor

had notice of it (*see Smith v Costco Wholesale Corp.*, 50 AD3d 499, 500-501 [1st Dept 2008]).

In opposition, plaintiff raised a triable issue of fact as to whether Shop-Rite created the subject condition. Reliance upon plaintiff's unsigned deposition transcripts in opposing the motion was proper, since the transcripts were certified by court reporters, and Shop-Rite, which relied upon the same transcripts, did not challenge the testimony as inaccurate (*see Bennett v Berger*, 283 AD2d 374 [1st Dept 2001]). Plaintiff testified that after she fell she was wet and noticed a Shop-Rite employee two feet away unloading produce from boxes, one of which was leaking and creating the puddle in which she claimed to have stepped before her fall. Such testimony allows the inference that Shop-Rite created the condition that caused plaintiff to fall (*see Munoz v Uptown Paradise T.P. LLC*, 69 AD3d 401 [1st Dept 2010]).

We have considered Shop-Rite's remaining arguments and find them unavailing. Concur—Friedman, J.P., Richter, Feinman and Gische, JJ.