(November 25, 2014)

 FAUSTA JAVIER FELIZ, Respondent, v DAKA HOLDINGS, LLC, Appellant. [997 NYS2d 387]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered October 3, 2013, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Summary judgment was properly denied in this action where plaintiff sustained injuries in a fire in defendant's building. The fire originated in a mattress, which was left by a tenant in a building hallway and was set on fire by an unidentified person. Triable issues of fact exist as to whether it was foreseeable that someone might set fire to a mattress that was left in the hallway, particularly in light of the averments of plaintiff's fire safety expert that it is "common knowledge that mattresses left in the public areas of multiple dwellings are often set on fire," and that "mattresses pose an acute hazard due to the phenomenon of people setting [them] on fire" (*see De Los Santos v Amsterdam Apts. Mgr., LLC*, 85 AD3d 648 [1st Dept 2011]). Defendant's witnesses also testified that the building superintendent was required to remove any mattresses found in building common areas, because mattresses "could catch fire."

Furthermore, the record shows that the subject mattress was placed in the hallway as early as 4:00 p.m. on the date of the fire, that the fire was started at about 7:30 p.m., and that the building superintendent ordinarily swept the building's common areas, and made arrangements for removal of any bulky debris, every afternoon between 4:00 p.m. and 5:00 p.m. Accordingly, there are triable issues as to whether defendant had actual or constructive notice of the hazardous condition posed by the mattress in the hallway (*see e.g. Munoz v Uptown Paradise T.P. LLC*, 69 AD3d 401 [1st Dept 2010]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Manzanet-Daniels, Gische and Clark, JJ.