Shackman v 400 E. 85th St. Realty Corp. (2018 NY Slip Op 03223)





Shackman v 400 E. 85th St. Realty Corp.


2018 NY Slip Op 03223


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Acosta, P.J., Tom, Mazzarelli, Kern, Singh, JJ.


160778/14 -1756 6611 & M-1651 & 

[*1]Barrie Shackman, et al., Plaintiffs-Respondents,
v
400 East 85th Street Realty Corp., Defendant-Appellant.


Gartner + Bloom, P.C., New York (William M. Brophy of counsel), for appellant.
Lambert & Shackman, PLLC, New York (Thomas C. Lambert of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered April 4, 2017, which, insofar as appealed from, granted plaintiffs' motion for partial summary judgment on the negligence, private nuisance, rent abatement, and constructive eviction causes of action, unanimously modified, on the law, to deny the motion as to the nuisance cause of action, and otherwise affirmed, without costs.
With respect to the negligence cause of action, the undisputed evidence demonstrates that defendant was aware of deficiencies in the building's HVAC system that rendered the system prone to causing floods of the type that damaged plaintiffs' apartment and that it failed to perform any of the maintenance and repair work that its own expert engineer agreed would have prevented the floods, namely, snaking or flushing out the HVAC piping. The court providently exercised its discretion in finding plaintiffs' expert architect competent, based on his training and experience, to opine on the maintenance of an HVAC system located in the walls of the building (see Meiselman v Crown Hgts. Hosp., 285 NY 389, 398-399 [1941]; Edgewater Apts. v Flynn, 216 AD2d 53, 54 [1st Dept 1995]; see also Rapp B. Props., LLC v RLI Ins. Co., 65 AD3d 923, 925 [1st Dept 2009], lv denied 13 NY3d 714 [2009]). The court also properly considered the unsigned transcripts of the deposition testimony of defendant's building superintendent and property manager since defendant failed to return signed copies of the transcripts to plaintiffs within 60 days (CPLR 3116[a]) and does not challenge the accuracy of the transcripts (see Gomez v Shop-Rite of New Greenway, 110 AD3d 483, 484 [1st Dept 2013]).
The decretal paragraph of the order notwithstanding, it is apparent from the discussion of the private nuisance cause of action that the motion court found, correctly, that plaintiffs failed to establish their prima facie case because they did not show a recurrence of the leaking during the three-year statutory limitations period (see Domen v Holding Co. v Aranovich, 1 NY3d 117, 124 [2003]; Duane Reade v Reva Holding Corp., 30 AD3d 229, 237 [1st Dept 2006]). Thus, we modify the order to reflect the court's determination that plaintiffs are not entitled to summary judgment on the nuisance cause of action.
Plaintiffs established their entitlement to summary judgment on the rent abatement cause of action, under both Real Property Law § 235-b and their proprietary lease, by their undisputed submissions showing that the floods caused by defendant's negligence "materially affect[ed]" their health and safety and deprived them of the use of a significant portion of their apartment (see Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 327-328 [1979], cert denied 444 US 992 [1979]; Witherbee Ct. Assoc. v Greene, 7 AD3d 699, 700-701 [2d Dept 2004]).
Similarly, plaintiffs are entitled to summary judgment on the constructive eviction cause of action because they demonstrated that the leak " substantially and materially deprived [them] of the beneficial use and enjoyment of the [entire] premises'" (Pacific Coast Silks, LLC v 247 Realty, LLC, 76 AD3d 167, 172 [1st Dept 2010], quoting Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 83 [1970]; see Bostany v Trump Org. LLC, 88 AD3d 553, 554 [1st Dept 2011]). Defendant argues that plaintiffs are not entitled to summary judgment on this cause [*2]of action because it is duplicative of the rent abatement cause of action and may only be asserted as a defense (see Elkman v Southgate Owners Corp., 233 AD2d 104 [1st Dept 1996]). This argument, having been made for the first time in reply on appeal, is unpreserved for our review (see Wolkstein v Morgenstern, 275 AD2d 635, 637 [1st Dept 2000]).
Plaintiffs, who did not appeal from the parts of the order that denied their motion, request that we search the record and grant them full relief as to, inter alia, damages, attorneys' fees, and punitive damages (see CPLR 3212[b]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106 [1984]). Their arguments in support of this request are without merit.
M-1651 & M-1756 - Barrie Shackman v 400 East 85th Street Realty Corp.
Motion for stay of trial denied as academic,
and motion to file a sur-reply denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK