Dacaj v New York City Tr. Auth. (2019 NY Slip Op 02171)





Dacaj v New York City Tr. Auth.


2019 NY Slip Op 02171


Decided on March 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2019

Friedman, J.P., Renwick, Webber, Kahn, Kern, JJ.


8769 151523/12

[*1]Lush Dacaj, Plaintiff-Respondent,
v
New York City Transit Authority, et al., Defendants-Appellants.


Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Morgan Levine Dolan, P.C., New York (Glenn P. Dolan of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Manuel J. Mendez, J.), entered March 30, 2018, upon a jury verdict, which, to the extent appealed from as limited by the briefs, awarded plaintiff $1.2 million for past pain and suffering, $1 million for future pain and suffering over 10 years, $255,582 for future medical expenses, and $250,000 for future loss of earnings, and bringing up for review an order, same court and Justice, entered on or about April 6, 2017, which denied defendant's motion to set aside the verdict, unanimously modified, on the law, the facts and in the exercise of discretion, to vacate the awards for past pain and suffering and future pain and suffering, and to remand the matter for a new trial on damages for past pain and suffering and future pain and suffering, unless plaintiff stipulates, within 30 days after entry of this order, to reduce the awards for past pain and suffering to $1,000,000 and for future pain and suffering to $675,000, and to the entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.
Missing witness charges were properly given with regard to defendant's expert orthopedist and radiologist, who failed to testify at trial (see Devito v Feliciano, 22 NY3d 159, 165-166 [2013]; People v Gonzalez, 68 NY2d 424, 427 [1986]). Defendant's neurologist admitted during cross-examination that he was not an orthopedist, plaintiff's claimed injuries were orthopedic in nature, and he could not offer any orthopedic opinions. Accordingly, the testimony of defendant's expert orthopedist would not have been cumulative of defendant's neurologist's testimony, since she would have been in a position to offer such opinions. Regarding defendant's expert radiologist, his testimony would have borne on a material issue in the case, namely, the presence of degenerative disc disease in the affected areas of plaintiff's cervical spine, and so the missing witness charge was properly given as to him as well.
Contrary to defendant's argument, "there is a rational view of the evidence that supports the jury's award for future medical expenses. Moreover, the jury's award for future medical expenses was based upon a fair interpretation of the evidence, and thus, was not contrary to the weight of the evidence" (Roman v Brooklyn Navy Yard Dev. Corp., 63 AD3d 1136, 1137 [2d Dept 2009][internal citations omitted]).
Similarly, the jury's award for future loss of earnings was not so "utterly irrational" as to be against the weight of the evidence (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; see Tassone v Mid-Valley Oil Co., 5 AD3d 931, 932 [3d Dept 2004], lv denied 3 NY3d 608 [2004]; Calo v Perez, 211 AD2d 607, 608 [2d Dept 1995]).
To the extent indicated, we find that the jury's awards for past pain and suffering and future pain and suffering for the 69-year-old plaintiff deviated materially from what would be reasonable compensation (see CPLR 5501[c]; Donlon v City of New York, 284 AD2d 13, 18 [1st Dept 2001]; compare Diaz v West 197th St. Realty Corp., 290 AD2d 310 [1st Dept 2002], lv denied 98 NY2d 603 [2002] [$900,000 for past pain and suffering for herniated disc requiring spinal fusion surgery] with Miranda v New Dimension Realty Co., 278 AD2d 137 [1st Dept 2000] [$400,000 for past pain and suffering for multilevel spinal fusion surgery]; compare also [*2]Mata v City of New York, 124 AD3d 466 [1st Dept 2015] [$2 million over 50 years (amounting to $40,000 per year) for plaintiff who underwent spinal fusion surgery] with Gonzalez v Rosenberg, 247 AD2d 337 [1st Dept 1998] [$750,000 for future pain and suffering where plaintiff sustained a herniated disc that was the subject of two operations]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 21, 2019
CLERK