Bakain v City of New York (2021 NY Slip Op 06029)





Bakain v City of New York


2021 NY Slip Op 06029


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Gische, J.P., Mazzarelli, Shulman, Pitt, Higgitt, JJ. 


Index No. 450033/17 Appeal No. 14543 Case No. 2020-01413 

[*1]Janal Bakain, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.


Jonathan Rosenberg, PLLC, Brooklyn (Ralph P. Franco, Jr. of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.



Judgment, Supreme Court, New York County (Adam Silvera, J.), entered August 8, 2019, upon a jury verdict in favor of defendants, unanimously affirmed, without costs.
The jury's finding that defendant PO Christopher Eastmond was not negligent in the occurrence of the subject automobile accident was not against the weight of the evidence (see CPLR 4404[a]) and the evidence was legally sufficient to support a verdict in favor of defendants. The jurors could have reasonably found that defendant Eastmond had a green traffic light in his favor when he drove through the intersection of First Avenue and 125th Street, and that plaintiff failed to stop at the intersection's red traffic signal, causing the accident, and nothing in this finding is logically inconsistent or based upon testimony not worthy of belief (see Torres v Diaz, 155 AD3d 503 [1st Dept 2017]; compare Phillips v Katzman, 90 AD3d 436 [1st Dept 2011]).
Plaintiff's alternative argument, that defense counsel's conduct was inflammatory and prejudicial, to the extent it is preserved for review, is also unpersuasive (see Bacigalupo v Healthshield, Inc., 231 AD2d 538 [2d Dept 1996]). Defense counsel sought to undermine the credibility of the plaintiff's testimony based on its inherent contradictions, and not by attacking his character (see Selzer v New York City Tr. Auth., 100 AD3d 157 [1st Dept 2012]). At no time did counsel overstep the bounds with commentary that would have created a climate of hostility or unduly prejudice the jury against plaintiff (compare Smith v Rudolph, 151 AD3d 58 [1st Dept 2017]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021